*305 Opinion of the Court,
bv Judge Owseey.
Smith having recovered judgment against Frame, for a tract of land in the county of Clarke, commissioners *306 were appointed to assess the value of improvident, &c. under the law concerning occupying claimants to land.
Where an oo- ■ cupant has on the "and cropgrowing recovered, successfulthS claimant elects to pay for the imturned out of possession, had11 time ''to gather it; but not where •the crop is ^ ed by a person claiming lin’der the successful claimant.
The commissioners performed the duties assigned them, and reported to court.
Frame excepted to the report, but his exceptions were overruled. Smith then elected to pay the amount reported against him by the commissioners, and jndgment would have been thereupon rendered by the court’ ^ad Frame not refused to accept a judgment, After the refusal of Frame to accept a judgment, Smith paid the amount reported against him into court, and m°ved the court for a writ of habere facias possessionem upon the judgment. The motion of Smith was opposed by Frame, but the writ was awarded by the court. Ex-aceptions were taken to the opinion of the court, and the evidence produced on the motion, made part of the
Whether or not the writ of possession ought to have been awarded, is the sole question presented for deter-.ruination.
Against awarding the writ of possession, it was ob-in the court beloW:
1st. That as no judgment was rendered upon the report of the commissioners, Frame could not be regulaidy dispossessed of the land for which Smith recovered judgment.
gnd. That Frame had a growing crop upon the land, ancj time to gather and remove the crop, ought tobe him, .'before the writ could regularly be awarded.
The first objection was taken under the twelfth section of the act of January 1812, 2 Dig. L. K. 960. According to that section, it would no doubt have been irregular in the court to award the writ before entering judgment in favor of Frame upon the report of the commissioners, if the amount reported in his favor, had not been paid into court by Smith, and Frame had not refused to accept a judgment for the amount. But after the refusal of Frame to accept of judgment, surely the ■payment of the amount into court by Smith, should be considered equivalent to any bond which he could have given for the payment, and it is only until bond is executed by the successful claimant, for the amount reported by the commissioners in favor of the occupant, that the occupant is protected by the section referred to, *307 against being dispossessed or evicted by a writ of pos* session.
The first objection was, therefore, properly overruled.
The second objection was taken under the first section of the act of February 1819, 2 Dig. L. E. 963. If, at the time Smith elected to pay for the improvements, there had been a crop growing upon any part of the land improved by Frame, it would have been in direct opposition to this section of the act, to award a writ of possession for that part of the land upon which the crop was so growing, without giving Frame- time to gather and remove the crop; but such is not the present case. There was, it is true, a crop growing upon- part of the land for which Smith recovered judgment at the time he elected to pay for the improvements; but instead of being improved by Framefe it is in proof, that the land upon which the crop was growing, was cleared and put into a state of cultivation by a person who entered upon the land claiming under- Smith, after the judgment was recovered by Smith. The-value of the improvements which were thus- made upon the land, by a-person claiming under Smith, could not, therefore, have been charged by the- commissioners in account against Smith, and we understand the section of the act of 1819, as containing no protection to Frame against an eviction from the land, which was so improved, though he-may have had' a- crop growing thereon when Smith, made his election to pay for the improvments.
The order awarding the writ of possession, affirmed; with costs.