JOHN H. CLARK *vs.* RICHARD PARKINSON & another.

It is not the duty of an officer who serves a writ of possession to expel from the premises any persons who were in possession, claiming title in themselves, at the time when the suit was commenced in which the writ issued, and who do not claim under the person against whom that writ runs, nor resist the officer in his attempt to remove the latter and those claiming under him.

PETITION by a deputy sheriff for an attachment for contempt against the respondents, for resisting the service of a writ of

possession issued by this court and committed to the petitioner for service.

At the hearing in this court, before *Hoar*, J., notice having been given to the respondents, it appeared that the suit in which the writ of possession issued was brought against a widow who, at the time of the commencement thereof, was in actual occupation of the premises, her son and daughter living with her and claiming title to the premises under their father. The son, who was one of the respondents in this petition, was then under twenty-one years of age. The other respondent married the daughter after the commencement of the suit, and at the time of the marriage came upon the premises, claiming title in right of his wife. The respondents were not parties to the suit in which the writ of possession issued; and they did not resist the removal of the defendant in that suit from the premises, or oppose the officer's putting the plaintiff in possession, so far as that could be done without removing them; but they did threaten and were prepared to use force to prevent the officer from removing them from the land, contending that the precept gave him no right or authority so to expel them, and that it could be fully executed without putting them out.

Upon these facts, the case was reserved for the determination of the whole court.

*J. G. Abbott & G. A. Somerby,* for the petitioner. If the officer had authority to remove the respondents from the premises, it was a contempt in threatening and preparing to resist him by force; and the proper course of the officer was to apply to the court for an attachment. Gwynne on Sheriffs, 420. In serving a writ of possession, the duty of the officer is to put the demandant in actual possession of the recovered premises. A real action is a proceeding *in rem.* In the present case, the writ was served upon the person in actual occupation. Neither of the present respondents could have been made parties to the writ. One of them had then no connection with the premises. The other was an infant, living with his mother. Under such circumstances, no person can get into possession after action brought, and by setting up a claim of title prevent the office

from putting the demandant in actual possession. Otherwise, how can actual possession ever be obtained ? When judgment is recovered, somebody else may always be found in possession, claiming title. How is the officer to know whether the pretended title is good or not ? He cannot sit on the doorstep to try cases. He is merely a ministerial officer, whose duty it is to obey his precept. There is no way in which the demandant can have possession, unless he is put in possession as against everybody. If the party who is put out has a better title, he may apply for a writ of restitution. But a writ of possession cannot be defeated by a mere claim of title. 3 Bac. Ab. Execution, C, 5 ; Ejectment, G, 2. *Countess of Rutland's case*, 6 Co. 52 *b.* *Upton* v. *Wells*, 1 Leon. 145. *Howe* v. *Butterfield*, 4 Cush. 306. Crocker on Sheriffs, §§ 554–557. Allen on Sheriffs, 251. N. E. Sheriff, 141. Adams on Ejectment, 306. 1 Rol. Ab. 886.

*T. H. Sweetser*, (*W. S. Gardner* with him,) for the respondents. The respondents, being in possession under claim of title, cannot be adjudged in contempt, under the circumstances of this case. Gen. Sts. *c.* 103, § 15. 1 Roscoe on Real Actions, 340. Even if their acts had been wilful, this process would not lie. The writ of possession was not a judicial writ, but a writ purchased out of the clerk's office ; and it is no contempt to resist the service of such a writ. *Birch* v. *Walsh*, 10 Irish Eq. 93. It is believed that there is no case in the United States, where the power to punish such resistance as a contempt has been assumed by the court.

HOAR, J. The court are of opinion that an attachment for contempt should not be granted ; because an officer, serving a writ of possession, has no authority by his precept to remove from the land described therein any person who is not a defendant in the suit in which the writ issued, nor holding under a defendant, and who was in occupation of the land at the time the suit was commenced, claiming by a title independent of the defendant. The writ of possession is the result or fruit of a judgment; and the judgment is the legal determination of the rights of those only who are parties or privies to it. Even a judgment *in rem* is binding upon all persons in interest, only

because all persons in interest are required, and have a right, to come in and assert their title to the property which the judgment binds, in the suit or proceeding in which the judgment is rendered.

It is apparent that the judgment of the court in a real action, although it may determine, as against the tenant, that he held unlawful possession of the demanded premises at the time of bringing the suit, cannot decide this as against any person not privy in estate with him. The judgment may be recovered upon default, which is taken as the confession of the tenant, and can bind no one but himself and those claiming under him. If it is the result of a trial, there is no good reason why it should be held more conclusive upon the possession than upon the title In either case it is a judgment between the parties, upon such a case as they have chosen or have been able to present.

The officer who serves the writ may take a bond of indemnity, and the English text books all state that it is the usual practice to do so. This may dispose of the objection that he is required by his precept to do a precise thing, and that he should not have to determine at his peril whether he is thereby committing a trespass. The writ is procured by the demandant in the real action, and it is for him to take care that he includes in his suit all the actual parties in possession, claiming title.

We find that the text books on the duties of sheriffs all state in general terms that in serving a writ of possession he should remove all persons from the premises; and the digests and *dicta* in reported cases undoubtedly contain a similar statement. They all adopt substantially the same language, which is taken from *Upton* v. *Wells*, 1 Leon. 145. Com. Dig. Execution, A, 5. Crocker on Sheriffs, §§ 554, 556, 557. Allen on Sheriffs, 251. N. E. Sheriff, 141. In *Howe* v. *Butterfield*, 4 Cush. 305, it was said by Mr. Justice Wilde that an officer was authorized and bound, for the purpose of delivering possession of a house, "to remove from the possession all persons therein, and especially those claiming under the party against whom judgment had been recovered.'' But all these expressions must be construed *secundum subjeo tam materiem*, and as referring to the tenant, or persons in privity

with the tenant, or mere strangers or intruders. No case has been cited in which it was decided that one in possession before the commencement of the suit could be lawfully dispossessed upon an execution issuing upon a judgment in a suit between third persons. And in Gwynne on Sheriffs, 418, the rule is stated otherwise, and the true distinction made. In *Ex parte Reynolds*, 1 Caines R. 500, it is said to be " a settled rule of practice, that no tenant who was in possession anterior to the commencement of an ejectment, can be dispossessed upon a judgment and writ of possession, to which he is no party;" and a writ of restitution was ordered. To the same effect are the Kentucky cases in 5 Littell, 305; 1 A. K. Marsh. 333; 2 Ib. 40. See also 2 Tidd's Practice, 1033; *Johnson* v. *Fullerton*, 44 Penn. State R. 466. *Petition dismissed.*