## DAVID COONRADT v. SIMON MYERS.

1. DEFECTIVE TAX TITLE; *Amount of Recovery.* A purchaser at a tax sale whose title in an ejectment action is adjudged defective, is entitled to a recovery of all taxes paid by him and interest thereon, whether paid within three years before the commencement of the action, or not.

2. IMPROVEMENTS — *Recovery of Value — Possession.* A party is not entitled to the benefit of the occupying-claimant act, or to a recovery for the value of improvements made by him, unless at the time of such improvements he has the full and actual possession. He may not go upon land in the possession of another, and make improvements and receive compensation therefor, but must first acquire full and actual possession.

### *Error from Miami District Court.*

THE nature of the action, and the facts, appear in the opinion. Defendant *Coonradt* brings the case to this court.

*Brayman & Sheldon,* for plaintiff in error.

*Geo. Kingsley,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This case, in one form or another, has been to this court twice before. (24 Kas. 313; 28 id. 211.) On the final trial before the court without a jury in October, 1882, the following facts were found: Defendant in error was the owner of the original title to the land in controversy. On the third of May, 1871, it was sold to the plaintiff in error at a regular tax sale for the delinquent tax of 1870. A sale certificate was issued to him, upon which were indorsed the subsequent taxes of 1871, 1872, 1873, and 1874. On July, 1875, a tax deed was issued on such certificate, and on July 17, 1875, the tax deed was recorded. The subsequent taxes for 1875, 1876, 1877, and 1878, were paid by plaintiff in error. This action was commenced July 14, 1880. It further appears from the findings, that on the 20th of March, 1879, the defendant in error took actual possession of the land, which prior to that time had been vacant, and has remained in possession ever since; that in April, 1879, after possession had been taken by defendant in error and while it was so in his possession, the plaintiff in error entered upon the land and made improvements in the way of fencing, to the amount of $166.50. The court found that the assessment proceedings for 1870 were fatally defective, so that the tax title based upon such proceedings could not be sustained, but that the tax proceedings for the other years were regular and valid. Of this, in view of prior rulings of this court, no complaint is made. But the district court further found that the plaintiff in error was entitled to recover only the taxes paid within three years prior to the commencement of the action, to wit, the taxes of 1877 and 1878, and that he was not entitled to recover anything for the improvements placed on the land. Of these last two matters plaintiff in error complains, and these are the two questions presented in this case for examination.

The first, stated in a general way, is this: In an action for the recovery of possession between the holder of a tax title

and the original owner of the land, if the tax title is adjudged invalid, can the holder of such title recover all the taxes theretofore paid by him with interest, or can he recover only those paid within three years prior to the commencement of the suit? This question must be answered in favor of the recovery of all taxes. Counsel for plaintiff in error clearly exposed the fallacy of the rule laid down by the district court by this simple illustration: The tax deed may issue only after three years from the sale; therefore any money paid for the purchase of the tax title is lost to the purchaser after the issue of the tax deed, and unless his tax title is good he gets nothing. In other words, the statute is saying to a purchaser, buy at a tax sale, and at the end of three years you shall have a deed, and if all the proceedings are regular, you will get title; if irregular, you get nothing, unless you shall pay taxes subsequent to the purchaser, and then you will get only those taxes and interest. Now put it in another shape: The holder of the original title has five years within which to bring an action against the owner of a tax title. He waits four years from the record of the deed and brings his action. Some defect appearing in the proceedings, the tax title fails, and the original owner recovers possession. The purchaser at the tax sale, though he paid not merely the purchase-money but all subsequent taxes up to the time of his deed, gets nothing. He loses the land, and also the taxes he has contributed to the support of the government. Obviously, if this is the true rule of construction, the inducement to invest in tax sales is wonderfully abridged, for it is an accepted canon that tax proceedings, being proceedings *in invitum*, are to be strictly construed, and, unless in all things regular, fail to transfer title. And the general experience has been, that irregularities and defects are found in a large proportion of tax proceedings. The theory upon which this court has acted, which is the general rule of construction in other states, and which is the obvious policy of our statutes, is to secure to the tax purchaser either the land, or his tax investment with its large statutory interest.

In that way it compels the prompt payment of taxes by holding out large inducements to tax purchasers to invest upon the delinquencies of original holders.

Counsel for plaintiff in error have cited cases decided in this court, in which upon failure of the title, all taxes and interest have been awarded to the purchaser. (*Smith v. Smith*, 15 Kas. 290; *Hoffmire v. Rice*, 22 id. 749; *Jeffries v. Clark*, 23 id. 454; *Fairbanks v. Williams*, 24 id. 16; *Morgan v. Comm'rs of Miami Co.*, 27 id. 89; *Russell v. Hudson*, 28 id. 99; *Flint v. Douglass*, 28 id. 414; *Myers v. Coonradt*, 28 id. 211.) This has been heretofore the understanding not merely of this court, but of the profession in general, to be the true interpretation of the statute, and we think it to be the correct one. The difficulty arises in the misunderstanding on the part of the district court as to the principle which underlies tax purchases. A tax purchase is not primarily a purchase of the lien, but a purchase of a title. Upon the payment of taxes by a tax purchaser he acquires no lien which he can foreclose as an ordinary lien. (*Corbin v. Young*, 24 Kas. 198.) He simply purchases a title, and must rest upon that title until it is in some way challenged. If the proceedings are regular, his title is good; if simply irregular, and he takes possession, the statute of limitations may perfect his defective title, but he has nothing in the way of a lien he can enforce as such. He rests alone upon his title, aided it may be at times by the statute of limitations. His right to compensation for his taxes arises only when in some action his title is adjudged defective. In this respect it resembles proceedings under the occupying-claimant law. Whatever improvements the occupying claimant may place upon land, he places upon the assumption of title, and he is entitled to no compensation therefor until his title is adjudged defective; and when adjudged defective, he may recover not only the value of the improvements made within three years, but also the value of all improvements made by him during his claim of title. So as to our tax proceedings: whatever payments of taxes are made, are made upon the theory of a purchase and

3—31 KAS.

claim of title, and until that claim of title is adjudged defective in some appropriate action, the purchaser can have no adjudication of a lien and no recovery of the taxes he has paid; and when it is adjudged defective he is entitled to recover all taxes paid. The legislature has placed no restriction and no other limitation. The ordinary statutes of limitation have no application to these proceedings. We think, therefore, the district court erred, and that the plaintiff in error should be entitled to a judgment for the full amount of taxes and interest.

The other question was rightly determined by the district court. It appears from the findings that in March, 1879, the defendant in error, the original owner, took possession. After he had taken possession, and while he was so in possession, the plaintiff in error entered upon part of the land and made certain improvements in the way of fencing. As to such improvements the plaintiff in error had no claim for compensation. A party may not claim the benefit of the occupying-claimant law unless he has full and actual possession. He may not go upon land which is in the actual possession of another, and place improvements with any right to compensation. He must first acquire the full and actual possession. The occupying-claimant law offers no inducements to a party to go on to land in the actual possession of another and make improvements on a claim of title. Whatever may be his pretense of title, it amounts to nothing until he has secured full possession. No scrambling for possession can be encouraged, and a party must be sure that he has full and actual possession before he can place any improvements thereon and claim the benefit thereof. In this, therefore, the district court ruled correctly.

The judgment will be reversed, and the case remanded to the district court with instructions to give to the plaintiff in in error the full amount of taxes and interest paid by him as found by such court.

All the Justices concurring.