64  203
80  511

## CASSADY v. SAPP.

1. **Tax Sale and Deed:** STATUTE OF LIMITATIONS: WHEN IT BEGINS TO RUN. An action brought by the holder of a tax deed, more than five years after the deed was *due*, to recover the land from the former owner, who had taken possession thereof within five years after the tax deed was *filed for record*, but more than five years after it was due, *held* to be barred by the statute of limitations, under the doctrine announced in *Ex'r of Griffith v. Carter, ante,* 193.

2. ——— : SALE FOR TWO YEARS: BAD FOR ONE YEAR—GOOD FOR THE OTHER. Where land is sold for the delinquent taxes of two years, the deed will not be avoided by showing that there was no levy of taxes for one of the years. The taxes for the other year will support the deed.

3. ——— : PRESUMPTION OF REGULARITY. The presumption of regularity which a tax deed raises under the statute is not overcome by showing that the description covers only part of the lot, without showing that the part in controversy is not included in the part so described.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, JUNE 13.

THIS is an action involving the title to a part of a lot in the city of Council Bluffs. There was a decree in the court below for the defendant. Plaintiff appeals.

*Dailey & Smith*, for appellant.

*Sapp & Pusey*, for appellee.

ROTHROCK, CH. J.—I. The plaintiff claims title to the property under a tax deed which was filed for record on the twenty-second day of May, 1873. The deed was based upon a sale made in October, 1868, for the delinquent taxes of 1867. The defendant claims title under a tax deed executed August 6, 1861, which was made pursuant to a tax sale held in August, 1863, for the delinquent taxes of 1857 and 1858.

<div style="margin-left:2em">1. TAX SALE<br>and deed:<br>statute of<br>limitations:<br>when it be-<br>gins to run.</div>

The material question in the case arises upon the statute of limitations. The property in controversy is a narrow strip of land, situated between a lot owned by the defendant and a street of the city. In the year 1873, the defendant set out a row of shade trees along the land in dispute, and adjoining the street. Nearly all of the trees were within the line of the street. Afterwards, and within five years from the filing of plaintiff's deed for record, the defendant improved the land in controversy and the lot adjoining it, by putting a residence building thereon, and building fences and making other improvements. Both tracts were improved together. The porch in front of the house, and the fence including the front yard, were built on the land in dispute.

This action was not commenced until June, 1882. The purchaser at the tax sale under which plaintiff claims might have taken a deed for the property in October, 1871. The preponderance of the evidence is to the effect that no visible improvements were made by the defendant on the land in controversy within five years from that time. But we have held that the statute of limitations does not commence to run against the original owner under such a state of facts until the deed is executed and filed for record. *Ex'r of Griffith v. Carter*, decided at the present term. (See *ante*, p. 193.)

II. It is claimed, however, that the defendant cannot in-

voke the aid of the statute of limitations, because the evidence

2. ——: sale shows that the tax title under which he claims is
for two years:
bad for one— void. The defendant introduced his tax deed in
good for the
other. evidence. It was in proper form, and, under
section 784 of the Revision of 1860, and section 897 of the
Code, it was presumptive evidence of good title, and that he
was vested with all the title and estate of the former owner
in and to the land conveyed. It was, therefore, incumbent on
the plaintiff to show that the defendant's deed did not convey
the title to the former owner. To do this plaintiff introduced
the minute book of the county court of Pottawattamie county
for the year 1858, and in it there was no record of any levy
of taxes for the year 1858. If we were to concede that the
deed was void as to the tax of 1858, it was still a valid con-
veyance for the tax of 1857. But defendant claims that, be-
cause the property was described in the tax lists for 1857 as

3. ——; pre- "226. 44, ft. E. S. $1,000," the tax deed was void.
sumption of
regularity. This is at most a description of but part of the
lot. But it does not appear that the part now in controversy
is not embraced in the description. In our opinion, the pre-
sumption of the regularity of the deed prescribed by the law
was not overcome by any evidence introduced by the plaintiff.

AFFIRMED.