Atkison v. Dixon.

ATKISON v. DIXON *et al.;* R. A. ATKISON, *Intervenor, Appellant.*

1. **Ejectment, Judgment in on Whom Binding.** A judgment in ejectment is binding on no one but the defendant and those claiming under him or in privity with him.

2. ———. It will bind one purchasing the title of the defendant *pendente lite.*

3. **Sale of Land for Taxes: PURCHASER.** Where one is under no obligation to pay the taxes for which land is sold, he can purchase it at such sale and rely on the title thus obtained.

4. **Ejectment: PRACTICE.** A second ejectment suit cannot be injected into a pending one.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED.

*J. D. Parkinson* and *E. J. Smith,* attorneys for R. A. Atkison, appellant.

(1) The tax deed should have been admitted in evidence. (2) Appellant was not estopped, by anything he had done, from claiming title under the tax deed. Smith's Lead. Cas. [6 Am. Ed.] 712–13 ; *Blight's Lessee v. Rochester,* 7 Wheat. 535 ; *Link v. Dorfer,* 42 Wis. 392 ; *Coulter v. Waddingham,* 43 Mo. 269 ; *Page v. Hill,* 11 Mo. 149. (3) It was not proper for the court to try R. A. Atkison's title to the lot, on his petition. If he was in possession, having gone in pending suit and claiming adverse to both plaintiff and defendant, it was the duty of the sheriff not to put him out, but to report the facts to the court. *Knapp v. Deckerman,* 20 Wis. 630 ; *Smith v. Pretty,* 22 Wis. 655 ; *Lewis v. Hicks,* 38 Cal. 234 ; *Rogers v. Parish,* 35 Cal. 127 ; *Lewis v. Ellis,* 25

Cal. 515; *Garrison v. Savignac*, 25 Mo. 47; *George v. Hufschmidt*, 44 Mo. 179. (4) Appellant is not responsible for rents in this proceeding, either on the theory of privity of estate and possession with John Atkison, or on the theory of collusion with him as pleaded by respondents. *Atkison v. Dixon*, 70 Mo. 381; *State v. Givan*, 75 Mo. 516; Freeman on Judgments, 159; *Lee v. Lindell*, 22 Mo. 202.

*A. Henry* for respondents, Lewis and Elizabeth Dixon.

Respondents, who were defendants below, gave neither consent nor authority to plaintiff to put improvements on their property, nor to occupy it or rent it out, and as they have been deprived of it, they must recover the rents. By possession in good faith is meant the possession of one who believes he has good title and has no notice of the adverse claims. Sedgwick on Dam. 126; *McQueen v. Chouteau's Heirs*, 20 Mo. 223.

*Railey & Burney* and *Boggess & Moore* also for Lewis and Elizabeth Dixon.

(1) On the facts disclosed in the record, when and after said Thomas Rice sold the lot in question to Lewis Dixon, made a bond for title and received part of the purchase money therefor, he, and all those claiming and holding the legal title thereto with knowledge of the facts, held the title in trust for said Lewis Dixon and his grantees. This proposition needs no citation of authorities for its support, if it did it is fully sustained in *Atkison v. Dixon*, 70 Mo. 381; *State ex rel. Dixon v. Givan*, 75 Mo. 516. (2) That both Wright and John Atkison knew, at the time of their respective acquisitions of title, of the outstanding equities is indisputably established by the evidence—is not disputed—indeed is

conceded. That R. A. Atkison possessed knowledge of the same facts when he purchased of his father, John Atkison, in 1875, is almost fully as well established. But at all events he acquired his title by quit-claim deed *pendente lite* with knowledge of the suit in which all these proceedings were had. It results as a consequence, under repeated rulings of this court, that he took whatever title he acquired subject to the existing equities and the result of the pending litigation. These propositions are too familiar to require citation of authorities for their support. (3) It follows from the preceding propositions that whatever outstanding title, if any, said R. A. Atkison acquired, while standing in a trust relation to the property, was for the benefit of the prior and superior equity. (4) Said R. A. Atkison having obtained said tax deeds while in possession as trustee, taking the rents, issues and profits when it was his duty so to do, must be held to have redeemed. Cooley on Taxation, [2nd. Ed.] 500 *et seq*. (5) Having intermeddled with the title, pending litigation, and thereafter obtruded into the case in a court of equity, having full jurisdiction of the subject matter and of the parties, to assert adverse rights, it does not lie in his mouth to complain when required to do equity. (6) The authorities cited in support of R. A. Atkison's claim to be restored to the possession have no application to the facts of this case. *Garrison v. Savignac*, 25 Mo. 47, was a suit at law, in ejectment, to recover possession of real estate. The party against whom judgment was finally rendered was not in possession when suit was brought; the party finally ousted was in possession when suit was brought, and was not a party to the suit.

HENRY, C. J.—This was originally a suit in ejectment in which John Atkison sued Lewis and Elizabeth Dixon for possession of the lot of ground in controversy. On a trial, plaintiff had judgment, which, on appeal to

this court, was reversed and a judgment entered here investing the title in Mrs. Elizabeth Dixon. Pending the appeal, plaintiff had obtained possession of the premises, and after the mandate from this court to the circuit court, an execution was issued directing the sheriff to reinstate the defendants in the possession. This was executed on the fourteenth of August, 1882, and on the same day, John Atkison filed a motion to quash the writ, and Robert A. Atkison, his son, filed in said court a petition for restoration to the possession of said lot, alleging that at the date of the judgment he was, and for a long time previous had been, in possession by himself and tenants claiming the real estate by a paramount title to that of either John Atkison, or defendants, by purchase at a sale of said lot for taxes. He had previously, however, during the pendency of the ejectment suit, procured from his father a quit-claim deed for the lot.

It seems that there was evidence conducing to prove that the houses were erected under an agreement between Dixon and the tenants, that they might be removed at the expiration of the tenancy, and that R. A. Atkison had purchased of the tenants their interest therein. On his petition, the court found that the houses were personal property and belonged to R. A. Atkison, and that within a reasonable time he might remove them, but that he was not entitled to the possession of the lot. The court also heard evidence as to the nature of the ground rent during the time R. A. Atkison occupied the lot, and found that it amounted to $1,408, for which it rendered a judgment against him, and thirty dollars per month until he moved his houses, giving him until the first of March, 1883, to remove them. From this judgment he has appealed.

With regard to his alleged paramount title, if he had one, that was not affected by the judgment in the ejectment suit to which he was no party. He was, however, bound by that judgment, so far as the title he derived from

John Atkison *pendente lite* is concerned. But was it competent for the court to try the question of title between R. A. Atkison and the Dixons on plaintiff's petition as an intervenor, after judgment in the original suit? We think not. The only matter for determination, on that petition, was whether the petitioner was in possession under the parties to the action. The judgment is binding upon no one but "the defendant and those claiming under him, or in privity with him." *Smith v. Pretty*, 22 Wis. 655. The writ of possession cannot be executed against one claiming under a paramount title. If it were otherwise, two persons might collude together, the one to institute his suit in ejectment against the other and the latter never in possession; to suffer a judgment to go against him and on an execution, the occupant be turned out of possession and driven to his ejectment. R. A. Atkison was not the purchaser at the tax sale, but the assignee of the purchaser. He did not claim or acquire possession of the lot or houses under his quit claim deed from John Atkison. His claim to the houses was upon his purchase of them from the tenants of Dixon.

Under his title, whether good or bad, he claimed a paramount title to, and possession of the land, and the only question left for consideration is whether holding a quit claim deed for the lot from R. A. Atkison, but not getting possession from him under that deed, he could take an assignment of the certificate of purchase from the purchaser at the tax sale, and a deed from the sheriff, and thereby acquire a distinct title, independent of that he acquired from John Atkison, or must he be held to occupy the position of an owner who redeems his land from taxes, or purchases his own land at a tax sale? Judge Cooley, in his work on Taxation, says: "There are some cases in which it has been distinctly held that possession, when the tax was assessed, fixed upon the possessor the duty to pay and precluded his becoming a

purchaser at a sale for the taxes when they became delinquent. In the leading case, the occupant had gone into possession under an invalid tax title, and, by the decision, he was precluded from relying upon a second title which accrued while he was in the occupancy of the land." Cooley on Tax., p. 348.

The case at bar, however, is not such a case. R. A. Atkison was never in possession until after he acquired the tax title. He was not the purchaser at the tax sale, but the assignee of the purchaser. He acquired no interest or title by his quit-claim deed, for in the very suit in which he intervened, it was decided that Mrs. Dixon was entitled to the land. But, Judge Cooley says of the line of cases above alluded to, that "it is deserving of more consideration whether where parties stand to each other in the position of adverse claimant to land, either of them can insist that the other shall discharge a duty to the government for his protection." Page 350. Again he says: "It is difficult to dispute the truth of what is said by the supreme court of Pennsylvania that 'there is nothing in reason or law to prevent a man who holds a defective title from purchasing a better at a treasurer's sale for taxes.'" *Cox v. Gibson*, 27 Pa. St. 160–165. There was here no obligation upon R. A. Atkison to pay the taxes for which the land was sold. He had neither the title nor possession to the land, nor is there any evidence that he claimed under his quit-claim deed—and even admitting the cases criticised by Judge Cooley to assert the true doctrine, they widely differ from the case at bar in the facts as above indicated. In *Blackwood v. Van Vleet*, 30 Mich. 118, the court held that "to preclude any person from making and relying upon a purchase of lands at a tax sale, there must be something in the circumstances of the case which imposes upon him a duty to the state to pay the tax or something which renders it inequitable, as between himself and the holder of the existing title, that he should make the purchase."

The State to use v. Jones.

The duty of the circuit court was simply to determine, under plaintiff's petition whether he was in possession under his quit-claim deed, or under his tax title and if the latter, then to restore him to the possession and nothing more ; and leave the controversy betwixt him and the Dixons, or those having their title, to litigate it in another suit.    One ejectment suit cannot be injected into another.    The judgment is reversed and the cause remanded to be proceeded with as herein indicated. All concur.