[No. 11067.   Department Two. — June 27, 1888.]

## H. P. IRVING, APPELLANT, v. MARY ANN CUN-NINGHAM ET AL., RESPONDENTS.

EJECTMENT — WRIT OF POSSESSION — PARTIES. — Persons in possession under a title adverse to that of all the parties to an action of ejectment, and who are neither parties nor privies to the action, cannot be dispossessed under the writ of possession, whether they entered into possession before or after suit brought, if their entry was not under or by collusion with the defendant.

ID. — LIS PENDENS — TAX TITLE — ORDER RESTRAINING SHERIFF. — A notice of *lis pendens* filed in an action of ejectment cannot affect persons who enter into possession adversely to all the parties to the action, under a tax title not involved in the action; and the court may properly issue an order restraining the sheriff from disturbing their possession.

APPEAL from an order of the Superior Court of Alameda County, restraining the sheriff from enforcing a writ of possession.

The facts are stated in the opinion.

*Moore & Reed,* for Appellant.

*Aylett R. Cotton, William H. H. Hart,* and *J. P. Dameron,* for Respondents.

FOOTE, C. — This is an appeal from an order restraining the sheriff of Alameda County from executing a writ of possession for certain lands, so as to remove therefrom John Long, B. Van Wyman, and Lewis Hellans.

It appears that on the twenty-sixth day of June, 1883, Henry P. Irving obtained a judgment in ejectment for the lands occupied by the moving parties herein, but it is claimed that they were not parties to the action in which the judgment was obtained, and did not claim title thereto under the defendants therein, either in good faith or collusively; that the possession of the moving parties was adverse to the whole world.

The claim of title set up by them is based upon a tax deed to one J. P. Dameron.

The evidence is clear that those in whose favor the restraining order was made were not parties to the action in which the judgment in ejectment was obtained; and that they did not enter under the defendants, either in good faith or collusively.

The court was warranted, we think, in holding that their possession was adverse to that of all the parties to the action. These facts existing, it made no difference whether the moving parties entered before or after suit brought, or whether the adverse title which they claimed to have was worthless or good. They could not be removed from the possession of premises under a writ of ejectment in a suit to which they were in no manner privy, and where their title could not have been determined.

To grant the appellant's contention would be to say that one who enters after suit brought under claim of title must not only show that he is not in privity with the defendant, who has lost in an action of ejectment, is not in collusion with him, and is not a party to the suit; but he must further show that the possession of which it is sought to deprive him is under a title paramount to that of the plaintiff in the action where recovery is had, thus trying a second action of ejectment between the same plaintiff and another defendant, under a motion to restrain the execution of a writ of *habere facias* issuing under the judgment obtained in the first action.

The *lis pendens* filed could not affect the rights of the moving parties here; they were not compelled for that cause to become parties to an action where they were not sued. Not being parties, they could not be affected, except to the extent that they might be unable to acquire title to the property in dispute through the defendants, which they were attempting to do.

Persons not parties to an action of ejectment cannot

be put out of possession of the premises involved, unless they entered under the defendant, either in good faith or collusively. (*Tevis* v. *Ellis,* 25 Cal. 516; *Watson* v. *Dowling,* 26 Cal. 127; *Le Roy* v. *Rogers,* 30 Cal. 234; 89 Am. Dec. 88; *Long* v. *Neville,* 36 Cal. 459; 95 Am. Dec. 199; *Ford* v. *Doyle,* 37 Cal. 348.)

In *Mayo* v. *Sprout,* 45 Cal. 100, it was said: "The authorities of the city were turned out of possession of the premises by means of a writ of *habere facias* issued in this action, to which they were not parties. It is true, they had entered only after the action of *Mayo* v. *Sprout* had been commenced, but it is clearly shown that they did not go in under Sprout or by collusion with him. Under such circumstances, it was an abuse of the process of the court to disturb them."

If it was an abuse of the process of the court to disturb a possession held in that case, the court in this case did not commit error in issuing the restraining order, and we advise that it be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.