[No. 4207.]

JOHN ATKISON v. DIXON *et al.* ; R. A. ATKISON, *Intervenor, Appellant.*

96 577
96 590
96 577
41a 448
96 577
125 566

**Practice:** REVERSAL ON APPEAL: RETRIAL UPON MANDATE OF APPELLATE COURT. Plaintiff obtained a judgment in ejectment against defendants, and pending their appeal was placed in possession. The judgment was reversed by the supreme court and defendants sued out a writ of possession. After the return to the writ a third party filed an intervening petition claiming paramount title to the premises under tax deeds, and that those dispossessed by the writ were his tenants. Defendants denied this in their answer and alleged that the intervenor took possession under a quit-claim from the plaintiff. On the trial of this issue the court entered a money judgment for rents against intervenor, which was reversed by the supreme court on appeal, the court holding that it was the duty of the trial court to simply determine whether intervenor was in possession under the quit-claim or his alleged tax title, and if under the latter to restore him to possession and nothing more. *Held* that the circuit court, upon the filing of the mandate of the supreme court, properly proceeded to determine the question of the intervenor's title, and its finding that he took possession under the quit-claim from the plaintiff and was not entitled to the relief asked, being sustained by the evidence, will not be disturbed.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*E. J. Smith* for R. A. Atkison, appellant.

The circuit court should have sustained the motion of R. A. Atkison for judgment of restoration at the July term, 1886, and thus given him such judgment without a trial at that time. This court by its opinion and judgment herein at April term, 1886 (89 Mo. 464), directed

such judgment without a further trial. *Atkison v. Dixon*, 89 Mo. 464; *Atkison v. Dixon*, 70 Mo. 381; *State ex rel. v. Givan*, 75 Mo. 516; *Chouteau v. Allen*, 70 Mo. 290, and 74 Mo. 56; *Conner v. Pope*, 18 Mo. App. 86, and 23 Mo. App. 344; *Chickeriny v. Failes*, 29 Ill. 303; *Duffit v. Crosier*, 17 C. L. J. 233.

*R. O. Boggess*, *Railey & Burney* and *T. J. Smith* for respondents.

This court in reversing the judgment of Cass circuit court (89 Mo. 464) merely directed the lower court to ascertain and determine whether R. A. Atkison was in possession of the lot in controversy at the time he was evicted, claiming possession thereof, under his quit-claim deed from his father; or under his tax deeds offered in evidence; and, if under the latter, to restore him to possession. If not in possession under his tax deeds, then of course he was not to be restored to possession.

Norton, C. J.—This case is here on the appeal of R. A. Atkison from a judgment of the Cass county circuit court in favor of defendant Dixon.

The record discloses the following facts, viz: That an execution issued from the Cass circuit court to restore the Dixons to the possession of lot 4, block 11, in the town of Butler, Bates county, said possession having been lost by them in virtue of a judgment in favor of John Atkison afterwards reversed by this court. The sheriff, in his return to this writ, certifies that he executed it on the thirty-first day of July, 1882, by reading the same to and in the hearing of H. H. Nichols, J. H. DeSpain, Paul Dickerson, Richard Hurt and —— Poarch, who were found in possession of said property; and also by delivering possession thereof to A. Henry as agent and attorney of Elizabeth and Louis Dixon, and the writ was further executed by reading the same to

John Atkison on the first day of August, 1882, said Atkison not being found in possession.

After said return was made R. A. Atkison, on the fifteenth of August, 1882, filed in the Cass county circuit court an intervening petition setting up that the persons ousted of the possession of said lots by the sheriff in executing said writs were his tenants, and that he, R. A. Atkison, was through them in the actual possession of said lot, claiming to own the same by paramount title conferred upon him by certain tax deeds, and by the purchase of the houses thereon. By the petition, the court is asked to quash and vacate the return to the writ and restore him to the possession of the premises.

To this petition, the Dixons filed an answer denying the allegations of the petition, and setting up that after John Atkison, the father of R. A. Atkison, took possession of the lot in dispute under his judgment obtained in 1876 against Louis Dixon, to defeat and prevent the possession from being restored to defendants, the Dixons, transferred the possession of the same to his son, the said R. A., and made a conveyance by deed of the same to him.

It may be stated here, that on motion the court appointed a receiver to collect the rents, and hold the same subject to the order of the court.

On the trial of the issues presented by the intervening petition, the court rendered judgment against said Atkison for the value of the ground rent and refused to vacate the sheriff's return. From this judgment, R. A. Atkison appealed to this court which reversed the judgment and remanded the cause, and the opinion of the court is reported in 89 Mo. 464. When the mandate of this court was sent down, the circuit court retried the issue presented by the intervening petition and answer and rendered the following judgment: "Now at this day comes R. A. Atkison, intervenor herein, in his own proper person as well as by his attorney, and come also

Lewis Dixon and Elizabeth Dixon, the above-named defendants, by their attorneys, and the said intervenor and the said defendants now waive the right of trial by jury, and submit to the court for trial, hearing and determination the issue between them herein ; and the court, having heard and duly considered the evidence adduced, and the argument of counsel, and being fully advised of and concerning the premises, doth find that during the pendency of this suit between the plaintiff John Atkison, and defendant Lewis Dixon, and with full knowledge of the pendency, on the —— day of ——, 1876, the said intervenor R. A. Atkison went into possession of the lot four, in block eleven (11), in the town of Butler, Bates county, Missouri, under and by virtue of the quit-claim deed therefor, of date November 30, 1875, of John Atkison, the aforesaid plaintiff, and his wife, to said R. A. Atkison, their son, which quit-claim is in evidence in this case and now before the court, and that said intervenor R. A. Atkison, by himself and his tenants, continued in the possession of said lot, claiming and holding the same under said quit-claim deed from John Atkison and wife, and not under the tax deeds in evidence, or either of them, from the said —— day of ——, 1876, up to and until the ouster, July 31, 1882, of which said intervenor hath complained herein, and that on the —— day of November, 1885, all the buildings and improvements on said lot were destroyed by fire, and no buildings or other improvements have since been or are now situate thereon, and that said intervenor and his tenants were rightfully ousted under and by virtue of the writ in favor of said defendants and against said plaintiff and should not be restored to the possession of said premises. Wherefore, it is considered, ordered and adjudged by the court that the application of said intervenor be not granted, but be and it is denied, and that he take nothing thereby, and further that defendants Lewis Dixon and Elizabeth Dixon have and recover of

and from said intervenor R. A. Atkison their costs, for which execution may issue."

It is from this judgment that R. A. Atkison has appealed, and in support of his appeal, it is claimed in his behalf, that under the opinion reported in 89 Mo. *supra*, the circuit court had no jurisdiction to retry the cause, that all it could do was to order that Atkison be put in possession of the premises, and that the court committed error in not so ordering, and in proceeding to try the issues in the case. Reference to the reversed judgment against Atkison (which is in the record as evidence) shows that the circuit court did not pass upon the question as to whether R. A. Atkison at the time of the ouster was in possession of the premises in virtue of a paramount title under his tax deeds, or in virtue of a quit-claim deed made by John Atkison, his father, conveying the lot in question to him, but proceeded to render against him a money judgment. In the said opinion delivered, it is distinctly held that if Atkison was in possession under a paramount title he was wrongfully ousted, but if he was in possession under the quit-claim deed from John Atkison he was rightfully put out. The closing paragraph of the opinion is as follows : " The duty of the circuit court was simply to determine, under plaintiff's petition, whether he was in possession under his quit-claim deed or under his tax title, and if the latter then to restore him to possession and nothing more, and leave the controversy between him and the Dixons or those having their title to litigate it in another suit. One ejectment suit cannot be injected into another. The judgment is reversed and cause remanded to be proceeded with in conformity to this opinion."

The trial court, after the mandate of this court was filed, proceeded to hear the evidence and to determine from it, the question referred to it by the above opinion, and did, as shown by the judgment, determine that R. A. Atkison took possession of the premises in controversy under the quit-claim deed from John Atkison, and

not under his tax deeds, and being thus in privity with John Atkison, was not entitled to the relief asked for in his intervening petition, and the court having so decided, and there being evidence to support the decision, we do not feel authorized to disturb the finding, and hereby affirm the judgment. All concur except RAY, J., absent.