STRABALA V. LEWIS.

1. **Tax Sale and Deed:** STATUTE OF LIMITATIONS. Where land was sold for taxes October 1, 1877, and a treasurer's deed was executed to plaintiff April 20, 1883, which was filed for record April 15, 1885, and the land was unoccupied until November 14, 1885, when defendant took possession of it under the patent title, *held* that an action by plaintiff to quiet his title, begun March 9, 1889, was not barred by section 902 of the Code. (See opinion for cases followed and distinguished.)

2. ——: ACTION TO QUIET TITLE: WRIT OF POSSESSION. Where judgment was properly entered for plaintiff quieting his tax title as against the holder of the patent title, who had gone into possession and made valuable improvements for which a claim might be made, the court did not err in refusing a writ of possession, especially as the cause was appealed.

*Appeal from Sioux District Court.*—HON. C. H. LEWIS, Judge.

FILED, JUNE 5, 1890.

THIS action involves the title of eighty acres of land. The plaintiff claims under a tax sale and deed, and the defendant is the owner of the patent title. There was a decree for the plaintiff, and defendant appeals

*Pitts & Kessey*, for appellant.

*Dewey & Eicher*, for appellee.

ROTHROCK, C. J.—I.    It is conceded that the tax
deed is in due form, and that there is no defect in any
of the proceedings upon which it is based.

1. TAX sale and
deed: statute
of limitations.

The defendant is the owner of the patent
title, and the only question presented by
the appeal is whether the action is barred by the statute
of limitations.    It is provided by section 902 of the Code
that "no action for the recovery of real property sold
for the non-payment of taxes shall lie unless the same
be brought within five years after the treasurer's deed
is executed and recorded."    It appears from the record
that the land was sold for taxes on the first day of
October, 1877.    The treasurer's deed was executed on
the twentieth day of April, 1883, and filed for record
April 15, 1885.    The action was commenced on the
ninth day of March, 1889.    The action was brought
within five years from the date of the recording of the
deed.    The land was unoccupied prairie until Novem-
ber 14, 1885, at which time the defendant took actual
possession thereof, which he still retains.    It is claimed
by counsel for defendant that, because the plaintiff neg-
lected to file his tax deed for record, the statute of
limitations above cited should be held to have com-
menced to run at the date of the deed.    Reliance is had
upon *Hintrager v. Hennessy*, 46 Iowa, 600 ; *Griffith v.
Carter*, 64 Iowa, 193 ; *Cassady v. Sapp*, 64 Iowa, 204,
and *Hintrager v. Traut*, 69 Iowa, 746.    The cases cited
are broader and more far-reaching than the claim made
by counsel in this case.    They hold that under the facts,
including the possession of the land by the owner of
the patent title, the statute should commence to run in
three years from the date of the tax sale.    But in the
case at bar the action was commenced within five years
from the recording of the deed, and the defendant did
not take possession of the land until after the deed was
recorded.    These facts bring the case within the rule of
the cases of *Adams v. Griffin*, 66 Iowa, 125 ; *Francis v.
Griffin*, 72 Iowa, 23, and *Griffin v. Turner*, 75 Iowa, 250.
In *Adams v. Griffin* it is held that, as the owner of the

patent title did not take possession during the time the purchaser at the tax sale negligently omitted to obtain a tax deed, such negligence cannot inure to the benefit of the former. It is proper to say here that the case of *Griffith v. Carter*, *supra*, relied upon by appellant, was determined upon the theory that the action was not brought until more than five years after the tax deed was recorded. This was probably a mistake of the writer of the opinion. Attention was called to this mistake in the later case of *Francis v. Griffin*, above cited. In our opinion, the district court correctly held that the plaintiff's action was not barred by the statute limitations.

II. The plaintiff demanded that a writ should be issued to put him in possession of the land. The court refused to so order, and from that ruling the plaintiff has appealed. In view of the fact that the defendant has made improvements on the land for which a claim may be made, and as the cause was appealed, we think the court did not err in refusing the writ. The cause will be remanded to the court below for further proceedings in that behalf. On both appeals the cause will be

2. ——: action to quiet title: writ of possession.

AFFIRMED.