MARIE VON SCHULLER

*v.*

THE COMMERCIAL INVESTMENT BUILDING AND LOAN
ASSOCIATION.

[Submitted and decided April 14th, 1902.    Filed September 8th, 1902.]

A mortgagee promptly delivered to the proper register a mortgage covering both real and personal estate, informing him of such fact and directing him to record the same accordingly. The register entered it as a real estate mortgage on his private index, and in about two weeks recorded it in the book of real estate mortgages. Nearly thirty days afterwards it was entered in his private index for chattel mortgages, and, in due course of business, recorded in the book for chattel mortgages. The register retained possession of it in his office until after it was recorded as a chattel mortgage. An inspection of the instrument indicated its character. The private indexes kept by the register were not recognized by the statute. *P. L. of 1898 pp.* 686, 687 §§ *41, 42,* require that instruments be recorded without delay.—*Held,* that the mortgagee was entitled to the benefit of the recording acts as of the date the mortgage was delivered to the register, and therefore a subsequent execution creditor could not claim the property covered by the mortgage.

Von Schuller *v.* Commercial Invest. Bldg. & Loan Ass'n.

Heard on bill, answer and proofs.

*Mr. Max Salinger,* for the complainant.

*Mr. Henry V. Condict,* for the defendant.

PITNEY, V. C.

The contest in this cause is over a sum of money in the hands of the sheriff of Hudson county, the proceeds of the sale of certain goods and chattels. The complainant claims by virtue of a judgment and execution recovered against one Witz, and the defendant claims under a chattel mortgage made by the same person, executed and recorded prior to the entry of the judgment and the levy of the execution.

Two objections are made by the complainant to the defendant's right of priority—*first,* that the affidavit annexed to the chattel mortgage is insufficient (a careful reading of it discloses no defect) ; and *second,* that the mortgage was not recorded promptly after its execution and delivery.

The facts are that the mortgage covers both real and personal property, and was promptly delivered to the register of the county of Hudson, where the parties all reside and where the property is situate, for record. The evidence satisfies me that the messenger who delivered the mortgage to the register's deputy stated to him at the time that it was a mortgage of both real and personal property, and should be recorded as such— once as a mortgage of real estate, and once as a mortgage of chattels. This was probably misunderstood by the deputy receiving the paper. He entered it immediately on a book, which he kept for his own convenience, called an index, but which I have always heard called a tickler. At the time of entering it he stamped on the back the date of delivery, with the blank for the hour filled in in ink. The register kept two of these indexes, one for mortgages of real estate, and one for mortgages of chattels; and the entry of the receipt of this mortgage was in the book of mortgages of real estate only. It was transcribed, in the regular course of business, about two weeks or a little more after it was received, in the book of mortgages of real estate.

Twenty-seven days after it was so delivered it was entered as a mortgage of chattels in the index, or tickler, of chattel mortgages, and, in due course of business, recorded in the proper book of chattel mortgages.   In the meantime it was safely kept by the register among the instruments left with him for record, and was not taken from the office.

Upon these facts I am clearly of the opinion that the mortgage is entitled to the benefit of the recording acts.   The mortgagee performed his whole duty, under the statute, when he delivered the mortgage to the recording officer, with directions how to record it; and I may add that an inspection of the document at once disclosed its character to be both that of a mortgage of land and a mortgage of chattels, for attached to it, and, when folded, immediately covering the acknowledgment, was the proper affidavit required by the statute for a chattel mortgage. There was nothing in the endorsement on the mortgage, when delivered to the register, to indicate whether it was a mortgage of chattels or a mortgage of land; and, in addition to the affidavit of which I have spoken, an examination of the body of the instrument disclosed the fact that it was a mortgage of chattels.

If the register had made no entry whatever of the mortgage upon his temporary index, or tickler, the record of it would have been perfect, and, when transcribed, would relate back to the day of its delivery for record.

The memorandum of the receipt of the instrument in a book kept for that purpose is not a record, in any sense of the word, upon which any person searching in the clerk's or register's office has a right to rely.   It is not kept in pursuance of any provision in the statute regulating that subject.   The statute (*Rev. of 1898 pp. 686, 687* §§ *41, 42*) makes it the duty of the clerk to provide certain books, and to record, without delay, every instrument of the character mentioned in section 20 in the proper book; but it is a matter of common knowledge that such instruments cannot be, and are not, immediately recorded.   Every person who examines the records for instruments of that kind knows that there are a number of instruments waiting to be transcribed, and it is his duty to look among those instruments if he wishes to make a complete search to date; and he has no

right to rely upon the index, or tickler, kept by the register or clerk. So that the failure to enter the chattel mortgage in the index, or tickler, is a matter of no consequence; and the fact that it was not transcribed in the book of chattel mortgages until four weeks, or thereabouts, after it was lodged for record, does not affect the validity of its record. The mortgage was there all the while, ready to be seen by any person who might have occasion to examine the records for chattel mortgages against the mortgagor. It was not distinctly proven, but it is probable, that the fact that the register had omitted to record it as a chattel mortgage was discovered by a messenger sent to take the mortgage from the register's office, and the register thereupon reminded of his duty. But that circumstance, if it were proven, would not affect the result.

I will advise a decree in favor of the defendant.