H. A. MERRILL, APPELLEE, V. JOANNA C. WRIGHT, APPELLEE IMPLEADED WITH GEORGE W. SCOTT, APPELLANT.

FILED SEPTEMBER 18, 1902.   No. 12,746.

Commissioner's opinion, Department No. 2.

1. **Writ of Assistance:** PENDENTE LITE: INDEPENDENT TITLE. It is error to award a writ of assistance against a person who entered upon land *pendente lite*, claiming an independent title, not derived from or in succession to any of the parties to the suit or their privies.

2. **Possession in Good Faith:** VOID TAX DEED: WRIT OF ASSISTANCE. One who is in possession in good faith, without collusion, under a void tax deed, asserting title thereunder, claims by an independent title, not derived from that of the owners of the fee, and may not be dispossessed under a writ of assistance.

3. **Rule of Lis Pendens:** PURPOSE. The purpose of the rule as to *lis pendens* is to prevent third persons, during the pendency of the litigation, from acquiring interests in the land which would preclude the court from granting the relief sought.

4. ———: ———. Hence such rule has no application to independent titles, not derived from any of the parties to the suit nor in succession to them.

5. ——: ——: CODE. Section 85, Code of Civil Procedure, does not extend the rule so as to include persons acquiring rights or interests in no way dependent upon or derived through those of persons made parties to the suit.

APPEAL from the district court for Douglas county. Heard below before DICKINSON, J. *Reversed.*

*W. A. Saunders* and *J. W. Woodrough,* for appellant.

*H. W. Pennock, contra.*

POUND, C.

In one form or another this cause has been before this court several times. *Merrill v. Wright,* 41 Nebr., 351, 54 Nebr., 517. It now comes up on appeal from an order granting a writ of assistance, which presents a very curious state of facts. The suit was brought in 1892 to foreclose a tax lien. The owners of the property and those in possession under them were duly made parties. There were two appeals, and sale was not had until 1902. Meanwhile one Scott had purchased the property for taxes subsequently assessed, and afterwards taken a tax deed accordingly. Claiming under this deed, he brought an action of ejectment against the owners and those in possession, in the course of which he obtained a judgment. No direct attack seems to have been made upon this judgment, and a suit in equity to vacate it and set it aside resulted adversely to the plaintiffs therein. *Scott v. Wright,* 50 Nebr., 849. After that suit was determined, Scott obtained possession by writ of restitution pursuant to the judgment. By this time sale had been had under decree of foreclosure, and the purchaser demanded possession by virtue of his deed. Not obtaining it on demand, application was made for a writ of assistance. The petition for the writ and the answer of Scott disclose, substantially, the facts above stated, and on such showing, the writ was awarded.

We are of opinion that this is not a case for a writ of assistance. That writ may issue only against parties to a suit, or persons in privity with them, who have been con-

cluded by a decree, and yet refuse to permit the purchaser at judicial sale under such decree to take possession. *Terrell v. Allison,* 21 Wall. [U. S.], 289, 291; *Howard v. Bond,* 42 Mich., 131, 3 N. W. Rep., 289. Questions of title are not to be tried on an application for the writ, as against persons in possession, claiming adversely to the parties, and not bound by the decree. *Barton v. Beatty,* 28 N. J. Eq., 412; *Exum v. Baker,* 115 N. Car., 242, 20 S. E. Rep., 448, 44 Am. St. Rep., 449. It is error to award it against a person who had entered upon land *pendente lite,* claiming an independent title, not derived from or in succession to any of the parties to the suit or their privies. *Exum v. Baker, supra; Ricketts v. Chicago Permanent Building & Loan Ass'n,* 67 Ill. App., 71; *Hagerman v. Heltzel,* 21 Wash., 444, 58 Pac. Rep., 580; *Toll v. Hiller,* 11 Pai. Ch. [N. Y.], 228; *Van Hook v. Throckmorton,* 8 Pai. Ch. [N. Y.], 33. Without considering the merits of Scott's claim, the nature of the title asserted stamps it at once as new and independent. What rule should be applied if his possession under the tax deed and judgment in ejectment based thereon were shown to be fraudulent and collusive, in order to defeat or hinder the foreclosure case, we need not decide. A void tax deed is color of title and as such may be the basis of an adverse possession. *Lantry v. Parker,* 37 Nebr., 353. The claim of title acquired under it is adverse to, not derived from, that of other claimants. The nature of the claim under the judgment in ejectment must depend upon the issues litigated therein; and, as it is conceded the judgment was based upon a title alleged to have been derived from the state under its revenue laws, it is manifest that there was not a mere succession to the interest of the Wrights, as in case of an action founded on a conveyance by them, or on a sheriff's deed upon a money judgment recovered against them. Even though the tax deed was void, a party in possession thereunder in good faith claims by an independent title, and may not be dispossessed under a writ of assistance. *Exum v. Baker, supra.*

It is claimed, however, that Scott acquired whatever interest he may have in the land pending the foreclosure suit, and subject to such decree as might afterwards be rendered therein. Had he taken under or in privity with any of the parties to the suit, that would be the result undoubtedly. *State v. Nebraska Distilling Co.,* 29 Nebr., 700; *Lincoln Rapid Transit Co. v. Rundle,* 34 Nebr., 559; *Clark v. Charles,* 55 Nebr., 202. But we have seen that he does not stand in such a position. The purpose of the rule as to *lis pendens* is to prevent third persons, during the pendency of the litigation, from acquiring interests in the land which would preclude the court from granting the relief sought. *Bellamy v. Sabine,* 1 De Gex & J. [Eng.], 566, 584; *Murray v. Ballou,* 1 Johns. Ch. [N. Y.], 566; *McClaskey v. Barr.* 48 Fed. Rep., 130; *State v. Nebraska Distilling Co.,* 29 Nebr., 700. In *Bellamy v. Sabine,* which is the leading case upon this subject, Lord Cranworth said (page 578) that the basis of the rule was the principle that "the law does not allow litigant parties to give to others, pending the litigation, rights to the property in dispute, so as to prejudice the opposite party." In *Murray v. Ballou,* Chancellor Kent said: "Without it, as has been observed in some of the cases, a man, upon the service of a subpoena, might alienate his lands and prevent the justice of the court. Its decrees might be wholly evaded." The scope of the rule is determined by its end and purpose. Hence it has no application to independent titles, not derived from any of the parties to the suit nor in succession to them. *Irving v. Cunningham,* 77 Cal., 52, 18 Pac. Rep., 878; 2 Pomeroy, Equity Jurisprudence, sec. 637. The rulings to the effect that one taking under execution on a money judgment against one of the parties to a pending suit holds subject to the decree, in no way conflict with this principle. Such a person succeeds to the title of the execution debtor, and takes only what the latter had, subject to all claims which existed against it in his hands of which he can be charged with notice. But where an independent title is acquired from another source, such fact does not

operate to prevent the court from granting the relief sought in the pending cause. That relief consists in subjecting the title of some of the parties to some claim or lien or equity. To whomsoever that title passes pending suit, the relief may still be granted against it. No relief is sought, however, and none is obtainable, in that suit against independent titles not derived from or dependent upon those of any parties to the suit. Dealings in these titles *pendente lite* can not operate prejudicially to the power of the court or the rights of the litigants. In this state, if the owners of land subject to a tax lien are unknown, the holder of the lien may proceed *in rem* against the land. In such case any interest acquired in the land from any source pending suit would interfere therewith, and hence must be subject to the decree therein. But if the owners are known the remedy is to foreclose by an ordinary suit, and subject the interest of such owners to satisfaction of the lien. In such case the scope of the *lis pendens* rule must be confined to the interests and estates sought to be subjected, and can not extend to independent and adverse titles. Counsel contends that section 85, Code of Civil Procedure, is broader than the general rule, and must constrain us to extend it so as to include all interests acquired by third persons pending suit, whatever their nature or source. While the language of that section, "no interest can be acquired by third persons in the subject-matter thereof, as against the plaintiff's title," is very broad, we are satisfied that it should be construed with reference to the pre-existing equity rule, which it evidently intended to adopt, and the obvious reason and principle behind it. To hold that no one could acquire rights by adverse possession or under tax sales pending a protracted litigation by creditors' bill or suit to quiet title would be most unfortunate in its results.

We therefore recommend that the order appealed from be reversed, and the application for the writ of assistance dismissed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the order of the district court is reversed and the application for a writ of assistance is dismissed.

REVERSED AND DISMISSED.

NOTE.—*Writ of Assistance.—Use.—Loss by Laches.—Appeal.*—A writ of assistance is a writ issuing out of chancery in pursuance of an order, commanding the sheriff to eject the defendant from certain lands and to put the plaintiff in possession. *Bruce v. Roney*, 18 Ill., 67. This remedy is founded on the general principle that a court of equity, when it can do so justly, will carry its own decrees into full execution, without relying on the co-operation of any other tribunal. *Beatty v. De Forest*, 27 N. J. Eq., 482, 483. It can issue only against parties to the decree. *Howard v. Railroad Co.*, 101 U. S., 837. The right to it may be lost by laches. *Hooper v. Yonge*, 9 Ala., 484. Its issue is largely discretionary. *Hooper v. Yonge, supra.*—W. F. B.