174 N.J. Super. 164 (1980)
415 A.2d 1203
DAVID SCHWARTZ, PLAINTIFF,
v.
ABRAHAM GRUNWALD AND PHILIP TANNENBAUM, DEFENDANTS.
Superior Court of New Jersey, Chancery Division  Atlantic County.
Decided April 24, 1980.
*166 Aaron Dines for plaintiff.
Frank J. Ferry and Irwin I. Kimmelman for defendant Grunwald (Kimmelman, Wolff & Samson, attorneys).
Willis F. Flower and Arthur E. Sklar for defendant Tannenbaum (Kirkman, Mulligan, Bell & Armstrong, attorneys, and Levine, Staller & Sklar, P.A., attorneys).
HAINES, J.S.C.
This case involves the interpretation of our lis pendens statutes. Nineteen counties in New Jersey adhere to one interpretation and one to another; one is ambivalent. I have decided that 20 of these counties are wrong. The problem has not been discussed in any prior opinion.
Grunwald sued Schwartz. Schwartz responded by filing an answer and counterclaim in which he alleged an interest in certain real property owned by Grunwald, with reference to which he filed a notice of lis pendens. The notice was entitled in the suit brought by Grunwald and recorded before the counterclaim was filed in the action. Later Grunwald sold the property described in the notice to Tannenbaum, whose title searches did not reveal the notice. It had been indexed by the Clerk of Atlantic County in the name of Schwartz only and not in the name of Grunwald, who held record title. Schwartz brings the present action to set aside the conveyance. Tannenbaum claims that he had no actual notice and moves to dismiss the complaint against him on the ground that the notice of lis pendens of record in the Clerk's office was not constructive notice to him of the suit between Grunwald and Schwartz.
N.J.S.A. 2A:15-6 governs the filing of notices of lis pendens and provides:
In every action, instituted in any court of this state having civil jurisdiction, ... the object of which is to enforce a lien, other than a mechanic's lien, upon real estate or to affect the title to real estate or a lien or encumbrance thereon, plaintiff or his attorney shall, after the filing of the complaint, file in the office of the county clerk or register of deeds and mortgages, as the case *167 may be, of the county in which the affected real estate is situate, a written notice of the pendency of the action, which shall set forth the title and the general object thereof, with a description of the affected real estate. No notice of lis pendens shall be filed under this article in an action to recover a judgment for money or damages only. [Emphasis supplied.]
Tannenbaum argues that this statute, as indicated by the underlined words, permits the filing of a notice of lis pendens by a plaintiff only, that it must be filed after the complaint (and only the complaint, not a counterclaim) is filed. This literal reading of the statute is to be rejected when it does not lead to a sensible result. Schierstead v. Brigantine, 29 N.J. 220, 231 (1959) (quoting Judge Learned Hand: "There is no surer way to misread any document than to read it literally.").
At common law, when property was the subject of litigation neither party to the suit could convey the property and adversely affect the rights of the other property. This was the doctrine of lis pendens. Wood v. Price, 79 N.J. Eq. 620 (E. & A. 1911). The doctrine is said to have been promulgated by Sir Francis Bacon in 1618, while he was Lord Keeper of the Great Seal. Mabee v. Mabee, 85 N.J. Eq. 353, 357 (Ch.Div. 1915). The rule was explained in Haughwout and Pomeroy v. Murphy, 22 N.J. Eq. 531 (E. & A. 1871):
A suit in chancery, duly prosecuted in good faith, and followed by a decree, is constructive notice to every person who acquires from a defendant, pendente lite, an interest in the subject matter of the litigation, of the legal and equitable rights of the complainant as charged in the bill and established by the decree.
The effect of a successful litigation in subordinating the title of a purchaser pending a litigation, to the rights of the complainant as established in the suit, is not derived from legislation. It is a doctrine of courts of equity, of ancient origin, and rests not upon the principles of the court with regard to notice, but on the ground that it is necessary to the administration of justice that the decision of the court in a suit should be binding, not only on the litigant parties, but also upon those who acquire title from them during the pendency of the suit. Such a purchaser need not be made a party, and will be bound by the decree which shall be made [at 544-545; citations omitted]
*168 The common law rule applied to plaintiffs and defendants alike:
As to plaintiff's complaint, and pleas and answers to it defensive in character, seeking merely to prevent a recovery, lis pendens arises in favor of defendant as against a purchaser from plaintiff from the time of the commencement or plaintiff's action, and more obviously so after an answer denying plaintiff's title or after a cross bill has been filed. As to a cross action or cross complaint by defendant setting up affirmative rights and praying affirmative relief as against plaintiff, lis pendens as against a purchaser from plaintiff in favor of defendant begins from the filing of such cross action or cross complaint. [54 C.J.S. Lis Pendens § 18 (citing cases, none from New Jersey)]
Pomeroy advises:
Cross-bills.  I would remark, in passing, that while the general doctrine of notice by lis pendens and the foregoing special rules have ordinarily been applied to real property described by the plaintiff in his bill of complaint, they should, upon principle, apply with equal force to the "counterclaims" and "cross-complaints" authorized by the reformed procedure, by which the defendant alleges some equitable interest or right, and demands some affirmative equitable relief. In such pleadings the defendant becomes the actor, and is to all intents and purposes a plaintiff. It would seem, however, that the lis pendens is not operative so as to bind a purchaser from the plaintiff until the filing of a cross-action or cross-complaint. [Pomeroy, Equity Jurisprudence (5 ed. 1941), 634c at 744-745; footnotes omitted]
Our statute requiring the filing of a notice of lis pendens was intended to provide relief from the hardship obviously resulting from the common law rule. As society became more complex and litigation more pervasive, notice of pending lawsuits could no longer be presumed on the basis of common knowledge. Thus, in Wood v. Price, supra at 623, it was said that the statute abrogated "the rule that parties to a litigation could not alienate the property in dispute as against the rights of the opposing parties to such suit ... It made the recording of such notice necessary in order to preserve the former effect of the litigation." Plaintiff, relying upon this sweeping language, claims that the entire common law rule was superseded by the statute, and that after its enactment only a *169 plaintiff in an action affecting real property could perfect a notice of lis pendens. This argument is not persuasive. The common law rule applied to both plaintiffs and defendants. If the statute is intended to abrogate the common law as to both, it must be interpreted to include both. A cardinal rule of construction is that words in a statute are to be interpreted "in... light of the occasion and necessity of the law, the mischief felt and the remedy in view...." Key Agency v. Continental Cas. Co., 31 N.J. 98, 108 (1959). Here, the intention of the Legislature was to provide for notice to the world of litigation involving real property through our recording system. It is ordinarily to be assumed that "the Legislature contemplated remedying, to the extent feasible, the whole rather than part of the particular evil presented." State v. Sperry & Hutchinson Co., 23 N.J. 38, 47 (1956). The lis pendens statute surely was designed to remedy the entire problem created by the common law doctrine of lis pendens, a problem which related to defendants as well as plaintiffs. The words in that statute may be expanded to accommodate its purpose. Alexander v. N.J. Power & Light Co., 21 N.J. 373, 378 (1956). A plaintiff named in a complaint is in fact no different than a defendant who counterclaims. Any party seeking affirmative relief is, in effect, a "plaintiff." The intention of the statute, read sensibly, is to permit any party to any suit who claims an interest in real property to file a notice of lis pendens and thereby give notice to all persons of the existence of the claim. It is logical, therefore, to construe the word "plaintiff" to include a defendant-counterclaimant; the legislative intent cannot otherwise be effectuated.
A careful examination of defendants' position shows that its adoption would lead to a number of unfortunate results. In the first place, it would mean that the common law would remain in force as to defendants. Carlo v. Okonite-Callender Cable Co., 3 N.J. 253, 265 (1949). They would be protected because the litigation itself would be notice to all of their interests in the *170 property. The alternative conclusion, that defendants have no protection at all, that the statute now provides the only avenue for notice and applies only to plaintiffs, is unreasonable and unacceptable. It is not to be presumed that the Legislature intended this absurd result. Restaurant Enterprises v. Sussex Mutual Ins. Co., 52 N.J. 73, 77 (1968).
An alternative approach, suggested by Tannenbaum, is that a defendant may obtain protection under the statute by filing a separate suit and a notice of lis pendens, thereby meeting its literal requirements. Eventually, on proper motion, the suits would be consolidated. This would defeat the purpose of modern litigation rules, which insist upon the disposition of the claims of all parties against each other in a single lawsuit. Falcone v. Middlesex Cty. Medical Society, 47 N.J. 92 (1966); R. 4:27. Surely the Legislature did not intend this cumbersome result.
Logically, there is no distinction between a plaintiff and a defendant-counterclaimant; each occupies an affirmative position in litigation, enjoying only different nomenclature. There is no reasonable basis on which to classify them differently for the purposes of the statute. Consequently, if it is construed to protect plaintiffs and not defendants-counterclaimants, it discriminates, violating the equal protection clauses of our state and federal constitutions. David v. Vesta Co., 45 N.J. 301, 314 (1965). This construction would violate the rule that statutes should not be interpreted in a manner which makes them unconstitutional; the Legislature is presumed to have intended its enactments to meet constitutional requirements. State v. Profaci, 56 N.J. 346, 349 (1970).
The proofs show that 19 of our 21 county clerks and registers of deeds index notices of lis pendens under the name of the defendant only; one indexes them in the name of the defendant *171 and, only if requested, in the name of the plaintiff. This practical, though not unanimous, interpretation of the lis pendens statute by those who must apply its provisions is a permissible consideration. However, practical applications are merely aids to construction; they are not conclusive and cannot be followed where, as here, they are contrary to a clear reading of the legislation. Service Armament Co. v. Hyland, 70 N.J. 550, 561-562 (1976).
The failure of the Atlantic County Clerk to index the notice of lis pendens in the name of plaintiff (defendant to the counterclaim) does not prevent its filing from being notice to the world. Our cases are to the contrary: filing alone, when properly undertaken, is effective, regardless of indexing omission or mistake. Lakewood v. Block 251, 48 N.J. Super. 581, 589 (App.Div. 1958); Von Schuller v. Commercial Investment B. & L. Ass'n, 63 N.J. Eq. 388, 390 (Ch.Div. 1902); Semon v. Terhune, 40 N.J. Eq. 364, 367 (Ch.Div. 1880).
Schwartz' notice of lis pendens was therefore constructive notice to Tannenbaum except for one problem: it was filed before his counterclaim was filed. N.J.S.A. 2A:15-6 provides that the notice "shall" be filed "after the filing of the complaint." The history of the statute indicates that the language is deliberate; it did not appear in prior versions thereof until 1930, when the Legislature added the requirement that the notice of lis pendens be filed "after the filing of the complaint or bill." L. 1930, c. 119. The present act continues that language except for the words "or bill," an unnecessary reference since bills are not used under modern rules of pleading. Schwartz argues that the notice became effective when the counterclaim was filed. There are practical reasons, however, which deny the validity of that contention.
Real estate title records must be clear and certain. A notice of lis pendens should lead a title searcher to the underlying suit *172 papers, readily found in the office of the clerk of the court, from which the nature of the pending litigation may be ascertained. A complaint which claims a 5% interest in a tract of land may call for a different reaction than one which seeks specific performance of an agreement for its sale. A tax foreclosure action offers the opportunity for redemption and may not frustrate a transfer of title. When the notice is false and leads the searcher nowhere, the title to the property involved becomes suspect and uncertain unless the notice is a nullity. If it may become effectual by the later filing of a complaint or a counterclaim, its presence gives rise to innuendoes, clouding the title. It poses the threat of suit for claims unknown and provides no sure way to make them known. The threat may hover above the property indefinitely; no rule provides any time limit for the bringing of suit. No one finding such a notice could proceed safely without extending the title search to the moment a transaction is consummated. The extension would be obliged to cover not only records normally inspected but also those in the office of the clerk of the court which would show whether a suit had been filed. No statute provides filing requirements for the clerk which protect one who relies upon his records. A complaint, though stamped "filed" by the clerk, may not be indexed for some time. Is it nevertheless notice to the world that suit has been started, making a premature notice of lis pendens effective? Under our rules a copy of a complaint or counterclaim is forwarded by the Clerk of the Superior Court, whose office is in Trenton, to the Deputy Clerk in the county of venue for filing. Several days therefore elapse between the time the pleading is filed in Trenton and the time the copy is filed in the county. May the searcher rely on the county records? These problems are similar to the ones which arose in earlier times, when the mere filing of a suit involving real estate was notice to the world of its pendency, so that all who took title to the property were subject to the outcome of the litigation. The hardships imposed by that rule brought about the requirement *173 that notice of pending suits would be presumed only if an appropriate document was filed in an office where it could be found by a title searcher. The rule for which Schwartz contends would revive old problems, the opposite result intended by the Legislature in adopting our statute. Furthermore, that rule would encourage the unscrupulous  those willing to file a notice of lis pendens in order to interfere with real estate transactions without advancing their claims or incurring the expense of litigation. Finally, the proposal suggests that a notice which contains false information, namely, that an action is pending, should nevertheless be recognized. That recognition would be contrary to usual principles of equity; the person filing a false notice has unclean hands and should be denied affirmative relief. Feldman v. Urban Commercial, Inc., 78 N.J. Super. 520, 533 (Ch.Div. 1963), aff'd 87 N.J. Super. 391 (App.Div. 1965). The language of the statute is clear and sensible. I conclude that it denies validity to a prematurely filed notice of lis pendens.
The earlier decisions support this conclusion. In Walker v. Hill's Ex'rs, 22 N.J. Eq. 513 (E. & A. 1871), the court said:
... No bill of complaint had been filed; and, as a statutory notice, the filing of lis pendens was a nullity ... But the defendants had such information of the existence of that paper as to make inquiry a duty ... The filing of the lis pendens, without any bill having been previously filed, was, in itself, a fraud, and when the parties interested in the proposed sale had sought the sources of information to which that notice legally led, and found that it was a sham, it ceased to have any effect as constructive notice, and they were entitled to conclude the sale without further search for information. [at 525]
In Blaisdel v. Derees, 101 N.J. Eq. 723 (E. & A. 1927), the court said:
... The bill of complaint herein was filed June 19th, 1926, but a notice of lis pendens was filed in the Monmouth county clerk's office June 18th, 1926. The lis pendens, having been filed prematurely, is not constructive notice to Howlett .. ., and it is not shown that before recording his deed he had actual notice of it. [at 728]
*174 Plaintiff quite properly points out that in both of these older cases a contract for sale had been executed or a deed delivered after the notice of the lis pendens but before the filing of the bill of complaint, so that the language of the opinions may not be said to apply to the purchaser of property, as here, who does not take title until after the complaint or counterclaim has been filed. He cites Delaware River Q. & C. Co. v. Mercer Freeholders, 88 N.J. Eq. 506, 512 (Ch.Div. 1918), which supports his position, and Haughwout and Pomeroy v. Murphy, 21 N.J. Eq. 118, 120 (Ch.Div. 1870), aff'd on other grounds 22 N.J. Eq. 531 (E. & A. 1871), which is ambiguous. For all of the reasons set forth, however, I am of the opinion that the reasoning in the opinions of the Court of Errors and Appeals should apply and that Delaware River Q. & C. Co. should not be followed.
I conclude that N.J.S.A. 2A:15-6 completely abrogates common law rules concerning lis pendens. It authorizes the filing of notices of lis pendens by plaintiffs and defendants-counterclaimants. The notice filed in this action would therefore have been constructive notice to Tannenbaum that Schwartz claimed an interest in the property sold, except for the fact that the notice was filed prematurely. This circumstance makes the filing ineffectual notwithstanding the later filing of the counterclaim.