Barbara KEITH, Jon Keith and Sarah Keith, Appellants,

v.

Bobby BRATTON and Leyon Bratton, Appellees.

No. 83–2484.

United States Court of Appeals, Eighth Circuit.

Submitted April 23, 1984.

Decided July 5, 1984.

---

Guy Jones, Jr. and Callis L. Childs, Conway, Ark., for appellants.

Stephen E. James, Clinton, Ark., for appellees.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Barbara, Jon and Sarah Keith appeal from an order of the District Court for the Eastern District of Arkansas releasing their notice of lis pendens on the real property owned by Bobby and Leyon Bratton. For reversal the Keiths argue that the equitable relief requested in their amended complaint would support the filing of a notice of lis pendens. The Brattons contend that this court lacks jurisdiction to entertain this appeal because the district court's order releasing the notice of lis pendens was not a final order under 28 U.S.C. § 1291. For the reasons discussed below, we affirm.

The Keiths contracted to purchase real property owned by the Brattons. As part of the deal, the Brattons agreed to build cabins on the property. The deed to the property was placed in escrow pending completion of the cabins and full payment by the Keiths. When both parties became dissatisfied with the agreement, the Keiths stopped making payments and the Brattons withdrew the deed from escrow.

On August 20, 1982, the Keiths filed a notice of lis pendens with the circuit clerk of Van Buren County, Arkansas pursuant to Ark.Stat.Ann. § 27–501 (1979).[1] On August 27, 1982, the Keiths filed a complaint against the Brattons in federal district court seeking money damages for breach of contract. On January 10, 1983, the Brattons asked the district court to release the notice of lis pendens because the complaint failed to describe in sufficient detail the real property in question and did not request that title to the property vest in the Keiths, as required by the Arkansas lis

---

1. The Arkansas lis pendens statute, Ark.Stat. Ann. § 27–501 (1979) provides:

    To render the filing of any suit at law or in equity in either a state court or United States District Court affecting the title or any lien on real estate or personal property constructive notice to a bona fide purchaser or mortgagee of any such real estate or personal property, it shall be necessary for the plaintiff or any one of the plaintiffs, if there be more than one plaintiff, or their attorneys or agents to file for record with the recorder of deeds of the county in which the property to be affected by

    such constructive notice is situated a notice of the pendency of such suit, setting forth the title of the cause and the general object thereof, together with a correct and full description of the property to be affected thereby, and the names of the parties to the suit, and the style of the court where the suit is pending; and it shall be the duty of the recorder of deeds to record such notice of such pending suit in either a state court or United States District Court in a book kept for that purpose, upon the payment of the same fees as are provided by law for recording mortgages.

pendens statute. The Keiths then moved for leave to amend their prayer for relief to seek not only money damages but also an equitable lien or constructive trust on the Brattons' property. The district court simultaneously granted the Keiths' motion to amend their complaint and the Brattons' motion to release the notice of lis pendens. This appeal followed.

■ The Brattons maintain that the order releasing the notice of lis pendens is not final within the meaning of 28 U.S.C. § 1291, and therefore is nonappealable. We disagree. The order falls within the collateral order exception doctrine recognized by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). The doctrine provides that an appeal may be taken from an otherwise nonfinal interlocutory order if the order conclusively determines a disputed question, resolves an important issue completely separate from the underlying merits, and would be effectively unreviewable on appeal from a final judgment. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374-75, 101 S.Ct. 669, 673-74, 66 L.Ed.2d 571 (1981).

■ The district court's order releasing the notice of lis pendens decided a question substantially separate from the basic issue raised in the complaint. Nothing further in the underlying action can affect the validity of the notice. *See Suess v. Stapp*, 407 F.2d 662, 663 (7th Cir.1969). More importantly, if review must await a final judgment, the possibility exists that the property which is subject to the notice of lis pendens could be sold before conclusion of

the action, resulting in irreparable harm to the Keiths. *See Chrysler Corp. v. Fedders Corp.*, 670 F.2d 1316, 1318 n. 2 (3d Cir. 1982). Accordingly, the order is presently reviewable.

■ Although we affirm the district court's order, we rely upon somewhat different grounds.[2] The Keiths filed their notice of lis pendens one week *before* commencing the present action. The Arkansas lis pendens statute requires that the "plaintiff" file with the appropriate state officials "a notice of the pendency" of suits affecting the title to real or personal property. The notice must include the title and general object of the action, the names of the parties, and the style of the case where the suit is pending. Thus, the statute implicitly requires that an action has in fact been filed. The filing of the complaint is a condition precedent to filing the notice of lis pendens, and a prematurely filed notice of lis pendens is a nullity. *See, e.g., Chrysler Corp. v. Fedders Corp.*, 670 F.2d at 1320 n. 5; *Schwartz v. Grunwald*, 174 N.J.Super. 164, 415 A.2d 1203, 1207-08 (1980). Therefore, the district court's order releasing the notice of lis pendens was not erroneous.

Accordingly, the order of the district court is affirmed, and this case is remanded to the district court for further proceedings.[3]

**2.** Under Arkansas law, an action seeking only a money judgment does not support the filing of a notice of lis pendens because such an action is not a "suit at law or in equity ... affecting the title or any lien on real estate or personal property." Ark.Stat.Ann. § 27–501 (1979). *See Tolley v. Wilson*, 212 Ark. 163, 205 S.W.2d 177 (1947). The Keiths' original complaint sought money damages only and was thus inadequate to support the filing of a notice of lis pendens. We note, however, that the district court permitted the Keiths to file their amended complaint requesting equitable relief, which arguably "affect[ed] the title" to the Brattons' property,

while simultaneously releasing the notice of lis pendens. Our disposition of this case makes it unnecessary for us to resolve this apparent inconsistency which may be more apparent than real. The dismissal of the lis pendens may have been made on the basis of the original complaint only.

**3.** Our decision is without prejudice to the parties' right to file a subsequent notice of lis pendens. We express no opinion on the propriety of such an action.