vehicle matching that description in the area where the caller said the vehicle was headed. Taken together, this is sufficient to create a reasonable suspicion to support Kleensang's stop of Rodriguez' vehicle. I would affirm.

Cassel, J., joins in this dissent.

————————————

Michael E. Kelliher, appellant, v.
Travis Soundy et al., appellees.
___ N.W.2d ___

Filed August 29, 2014.    No. S-13-538.

1. **Judgments: Jurisdiction.** When a jurisdictional question does not involve a factual dispute, the issue is a matter of law.
2. **Judgments: Appeal and Error.** An appellate court reviews questions of law independently of the lower court's conclusion.
3. **Statutes: Appeal and Error.** Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.
4. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, an appellate court must determine whether it has jurisdiction over the matter before it.
5. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders.
6. **Final Orders: Appeal and Error.** To fall within the collateral order doctrine, an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment.
7. ____: ____. The requirement that a court order must resolve an important issue completely separate from the merits of the action prevents piecemeal review.
8. ____: ____. Court orders which involve considerations that are enmeshed in the factual and legal issues of the cause of action are not immediately reviewable.
9. **Property: Sales: Intent.** The scope of the lis pendens statute is determined by its end and purpose. The purpose of the lis pendens statute is to prevent third persons, during the pendency of the litigation, from acquiring interests in the land which would preclude the court from granting the relief sought.
10. **Actions: Property: Notice.** Cancellation of a notice of lis pendens is completely separate from the merits of the underlying action.

11. **Actions: Property: Notice: Time: Appeal and Error.** "Good cause" to cancel a
   notice of lis pendens under Neb. Rev. Stat. § 25-531 (Cum. Supp. 2012) does not
   include a consideration of the merits of the underlying action.
12. **Property: Title: Notice.** A court may cancel a notice of lis pendens if the face
   of the complaint shows that the underlying action does not involve title to real
   property.
13. **Property: Sales: Notice.** The existence of a prospective purchaser who wants to
   buy the property free of the pending litigation is not good cause to cancel a notice
   of lis pendens.

Appeal from the District Court for Buffalo County: JOHN P.
ICENOGLE, Judge. Reversed.

Justin R. Herrmann and Nicholas R. Norton, of Jacobsen,
Orr, Lindstrom & Holbrook, P.C., L.L.O., for appellant.

Brian R. Symington, of Parker, Grossart, Bahensky, Beucke
& Bowman, L.L.P., for appellee Schijohn, L.L.C.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, MCCORMACK,
and MILLER-LERMAN, JJ.

CONNOLLY, J.

## SUMMARY

Michael E. Kelliher appeals from the district court's order
canceling a notice of lis pendens he filed against property in
which he claimed title. His business partner, Travis Soundy,
sold the property to Schijohn, L.L.C. Kelliher then filed suit,
alleging that Soundy did not have authority to sell the property
without Kelliher's consent and that the owners of Schijohn
knew that he claimed an interest in it.

The first issue is jurisdictional. Kelliher concedes the district
court's June 2013 order canceling the notice of lis pendens is
not a final order. But he contends that review is proper under
the collateral order doctrine. The second issue is whether
the court erred in canceling the notice of lis pendens before
Kelliher has had an opportunity to appeal the summary judg-
ment order denying him relief. We conclude that we have juris-
diction under the collateral order doctrine and that the district
court erred by canceling the notice of lis pendens.

## BACKGROUND

### Factual History

In 2006, Kelliher and Soundy filed articles of organization for Clover Investments, L.L.C. (Clover), in which they made equal contributions and had equal membership rights. About 3 months later, Clover purchased a bar in Kearney, which was its sole asset. In March 2007, Soundy purchased Kelliher's interest in Clover.

In July 2008, Soundy and Kelliher negotiated an oral agreement for Kelliher to earn back his 50-percent interest in Clover. According to Kelliher, he agreed to manage the bar and inject his own funds into the operations, which duties he fulfilled. According to Soundy, the oral agreement required Kelliher to successfully manage the bar, including "restoring and maintaining the amortization of loans" to Clover and keeping current all of Clover's obligations. In November 2009, Soundy terminated the management agreement. He contends that he was the sole owner of Clover. In March 2010, Clover sold the bar to Schijohn.

### Procedural History

Kelliher sued Soundy, Clover, and Schijohn. He alleged that in July 2008, after Soundy had unsuccessfully tried to sell Clover's property, Soundy contacted Kelliher to see if he would be interested in repurchasing an interest. Kelliher alleged that he agreed to do this by making capital improvements and had fulfilled that duty. Kelliher's general allegations asserted four claims for relief. First, he claimed that he had unsuccessfully demanded access to Clover's records, which were in Soundy's sole possession, and sought an accounting. Second, he sought a judicial dissolution of Clover. Third, he alleged that Soundy had breached a duty of care and loyalty to Clover and himself, and sought damages. Fourth, he claimed that Soundy lacked authority to sell Clover's property and asked the court to quiet title in him.

Schijohn moved for summary judgment on Kelliher's quiet title claim. The court granted the motion, concluding, as a

matter of law, that Schijohn was entitled to rely on the apparent authority of Soundy to convey the property.

Kelliher moved to vacate or modify the judgment and, alternatively, to certify the order as appealable under Neb. Rev. Stat. § 25-1315(1) (Reissue 2008). The court denied the motion to vacate its order but granted the certification request. In case No. A-11-612, the Nebraska Court of Appeals dismissed the appeal without opinion on September 9, 2011.

Kelliher did not seek further review. On remand, Schijohn moved to cancel Kelliher's notice of lis pendens against the property. Its attorney stated that Schijohn was trying to sell the building and needed clear title. Kelliher argued that he had not yet had an opportunity to appeal and that the majority of courts in other jurisdictions have held it is improper to release a notice of lis pendens until after an appeal or after the time to seek review has passed.

In a June 2013 order, the court ruled on various motions and noted that a trial was scheduled for August. Nonetheless, the court canceled the notice of lis pendens, based on its earlier dismissal of the claim against Schijohn.

## ASSIGNMENT OF ERROR

Kelliher assigns, restated, that the district court erred by granting Schijohn's motion to cancel the notice of lis pendens.

## STANDARD OF REVIEW

[1,2] When a jurisdictional question does not involve a factual dispute, the issue is a matter of law.[1] An appellate court reviews questions of law independently of the lower court's conclusion.[2]

[3] Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.[3]

---

[1] *VKGS v. Planet Bingo*, 285 Neb. 599, 828 N.W.2d 168 (2013).

[2] *Id*.

[3] *ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014).

## ANALYSIS

### JURISDICTION

[4,5] Before reaching the legal issues presented for review, an appellate court must determine whether it has jurisdiction over the matter before it.[4] For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders.[5]

[6] Kelliher concedes that the June 2013 order canceling the notice of lis pendens was not a final order. But Kelliher argues that this court has jurisdiction under the collateral order doctrine. To fall within the collateral order doctrine, an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment.[6]

The June 2013 order satisfied the first and third elements of the collateral order doctrine. The order conclusively determined the validity of the notice.[7] Furthermore, the order will be effectively unreviewable on appeal from a final judgment because, if review is so delayed, the property might be sold in the interim to a third party whose rights are not affected by the judgment.[8]

[7,8] The jurisdictional dispute centers on the second element of the collateral order doctrine: Whether the release of the notice was completely separate from the merits of the underlying action. The requirement that a court order must resolve an important issue completely separate from the merits of the action prevents piecemeal review.[9] Orders which involve considerations that are enmeshed in the factual and legal

---

[4] *Hallie Mgmt. Co. v. Perry*, 272 Neb. 81, 718 N.W.2d 531 (2006).

[5] *Id.*

[6] *Big John's Billiards v. State*, 283 Neb. 496, 811 N.W.2d 205 (2012).

[7] See *Suess v. Stapp*, 407 F.2d 662 (7th Cir. 1969).

[8] See *Keith v. Bratton*, 738 F.2d 314 (8th Cir. 1984).

[9] 4 Am. Jur. 2d *Appellate Review* § 105 (2007).

issues of the cause of action are not immediately reviewable.[10] Because our collateral order doctrine has its source in decisions of the U.S. Supreme Court,[11] we review cases decided by the federal courts for guidance.

Federal courts hold that whether the cancellation of a notice of lis pendens is completely separate from the merits depends on the language of the relevant statute. When the lis pendens statute is silent as to the grounds for release or includes grounds other than the merits of the underlying suit, an order canceling a notice of lis pendens is independent of the merits of the underlying suit.[12] But the cancellation of a notice of lis pendens is not independent of the merits where the statute directs courts to consider the probability of the plaintiff's success in the underlying action.[13] Thus, whether the district court's order canceling Kelliher's notice of lis pendens is within the collateral order doctrine depends on whether Nebraska's lis pendens statute makes the probable merits of the underlying action relevant to the cancellation of a notice.

Neb. Rev. Stat. § 25-531 (Cum. Supp. 2012), the lis pendens statute, allows a court to cancel a notice of lis pendens any time after the complaint is filed "on good cause shown." Section 25-531, in relevant part, provides:

> The court in which such action was commenced or any judge thereof may at any time thereafter on the application of any person aggrieved, on good cause shown, and on such notice as the court or judge may determine, order the notice to be canceled by the clerk or register of deeds

---

[10] *Id.*

[11] See *Hallie Mgmt. Co. v. Perry, supra* note 4.

[12] See, *U.S. v. Parrett*, 530 F.3d 422 (6th Cir. 2008); *Keith v. Bratton, supra* note 8; *Chrysler Corp. v. Fedders Corp.*, 670 F.2d 1316 (3d Cir. 1982); *Beefy King International, Inc. v. Veigle*, 464 F.2d 1102 (5th Cir. 1972); *Suess v. Stapp, supra* note 7; *Preston v. United States*, 284 F.2d 514 (9th Cir. 1960). See, also, *Hill v. Department of Air Force*, 884 F.2d 1321 (10th Cir. 1989).

[13] See, *Orange Cty. v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821 (9th Cir. 1995); *Demenus v. Tinton 35 Inc.*, 873 F.2d 50 (3d Cir. 1989).

of any county in which the notice may have been filed or
recorded by filing a notice of release.

Although § 25-531 does not expressly make the merits of the
underlying action relevant to a motion to cancel a notice of lis
pendens, the phrase "good cause" is potentially broad enough
to include this consideration. So, we consider whether the
"good cause" requirement includes the perceived merits (or
lack thereof) of the pending litigation.

Under the common-law doctrine of lis pendens (literally "[a]
pending lawsuit"[14]), the mere pendency of a suit affecting title
to real property was constructive notice to the world of the
disputed claim.[15] Before 1887, Nebraska's lis pendens statute
"was a legislative adoption of the equity rule of *lis pendens*
that had existed from time immemorial."[16] Under the rule then
in effect that a suit was not commenced until the service of
summons, the traditional application of the doctrine proved
problematic.[17] Persons aware of the filing of a complaint but
not yet served with a summons could freely alienate the prop-
erty and preclude a court from awarding the relief requested
in the complaint.[18] To address this problem, the Legislature
amended the lis pendens statute in 1887 to permit a plaintiff
to record a notice of lis pendens with the register of deeds
and thereby bind any subsequent purchaser to the outcome of
the proceedings.[19] The 1887 act also permitted any aggrieved
person to petition for the cancellation of the notice "in good
cause shown."[20]

---

[14] Black's Law Dictionary 1073 (10th ed. 2014).

[15] *White v. Wensauer*, 702 P.2d 15 (Okla. 1985).

[16] *Sheasley v. Keens*, 48 Neb. 57, 63, 66 N.W. 1010, 1012 (1896), *overruled
on other grounds, Munger v. Beard & Bro.*, 79 Neb. 764, 113 N.W. 214
(1907).

[17] See, *Munger v. Beard & Bro., supra* note 16; *Sheasley v. Keens,* s*upra*
note 16.

[18] See *id*.

[19] *Id*.

[20] 1887 Neb. Laws, ch. 92, § 1, p. 645.

The development of Nebraska's lis pendens statute is instructive. As one court has noted, statutes did not create the lis pendens doctrine, but instead limit its application by requiring the plaintiff to record a notice that complies with statutory requirements.[21] Although lis pendens statutes are designed to provide a better form of notice to third parties, they generally do so without conferring any additional substantive rights.[22] Traditionally, the application of the lis pendens doctrine does not depend on the merits of the underlying action.[23] We find no express or implied legislative intent to alter this aspect of the rule.

We decided a similar issue concerning the lis pendens statute in *Merrill v. Wright*.[24] In that case, an action was brought in 1892 to foreclose a tax lien but the sale did not occur until 1902. In the interim, the appellant received a tax deed for the same property for taxes assessed after those on which the foreclosure suit was based. The purchaser from the foreclosure sale sought to eject the appellant, arguing that the appellant had taken title subject to the outcome of the foreclosure action. The issue presented was whether the lis pendens statute applied to a deed that was not derived from or dependent on the titles of any parties to the pending litigation. To answer this question, we interpreted the lis pendens statute in the context of the preexisting common-law doctrine:

> Counsel contends that [the lis pendens statute] is broader than the general rule, and must constrain us to extend it so as to include all interests acquired by third persons

---

[21] *White v. Wensauer, supra* note 15.

[22] See *id*.

[23] See 54 C.J.S. *Lis Pendens* § 40 (2010). See, also, *Richard J. Zitz, Inc. v. Pereira*, 965 F. Supp. 350 (E.D.N.Y. 1997); *Boca Petroco, Inc. v. Petroleum Realty II*, 292 Ga. App. 833, 666 S.E.2d 12 (2008); *Bonded Concrete Inc. v. Johnson*, 280 A.D.2d 758, 720 N.Y.S.2d 227 (2001); *Utsunomiya v. Moomuku Country Club*, 75 Haw. 480, 866 P.2d 951 (1994); *Jay Jenkins Co. v. Financial Planning &c., Inc.*, 256 Ga. 39, 343 S.E.2d 487 (1986).

[24] *Merrill v. Wright*, 65 Neb. 794, 91 N.W. 697 (1902).

pending suit, whatever their nature or source. While the language of that section, "no interest can be acquired by third persons in the subject-matter thereof, as against the plaintiff's title," is very broad, we are satisfied that it should be construed with reference to the pre-existing equity rule, which it evidently intended to adopt, and the obvious reason and principle behind it.[25]

Because "the scope of the *lis pendens* rule must be confined to the interests and estates sought to be subjected," we held that it did not extend to "independent and adverse titles."[26]

[9] Interpreting "good cause" to include a perceived weakness in the merits of the pending action would also be contrary to the purpose of the lis pendens statute. We have recognized that "[t]he scope of the [lis pendens] rule is determined by its end and purpose."[27] The lis pendens statute serves to hold the property within the court's jurisdiction until the parties' rights are finally determined: "'The purpose of the rule as to *lis pendens* is to prevent third persons, during the pendency of the litigation, from acquiring interests in the land which would preclude the court from granting the relief sought.'"[28] Here, the district court canceled Kelliher's notice of lis pendens "[b]ased upon the prior rulings of the court finding that defendant Schijohn was an innocent purchaser of property and dismissing it from these proceedings . . . ." Kelliher, however, has not had the opportunity to appeal the dismissal of his quiet title claim. If the court cancels the notice of lis pendens and Schijohn conveys the property to a third party, any subsequent appeals by Kelliher would "prove mere idle ceremonies."[29]

---

[25] *Id.* at 798, 91 N.W. at 699.

[26] *Id.*

[27] *Id.* at 797, 91 N.W. at 699.

[28] *Coffin v. Old Line Life Ins. Co.*, 138 Neb. 857, 865, 295 N.W. 884, 889 (1941). See, *Hadley v. Corey*, 137 Neb. 204, 288 N.W. 826 (1939); *Lincoln Rapid Transit Co. v. Rundle*, 34 Neb. 559, 52 N.W. 563 (1892).

[29] See *Lincoln Rapid Transit Co. v. Rundle, supra* note 28, 34 Neb. at 566, 52 N.W. at 566.

[10,11] We conclude that we have jurisdiction over the appeal under the collateral order doctrine. The court's order canceling the notice of lis pendens conclusively determined the validity of the notice and would be effectively unreviewable on appeal from a final judgment. We also determine that the cancellation of the notice is completely separate from the merits of the underlying action. "Good cause" to cancel a notice of lis pendens under § 25-531 does not include a consideration of the merits of the underlying action.

### CANCELLATION OF NOTICE

The substantive issue raised by this appeal is whether good cause existed for the court to cancel the notice of lis pendens. Kelliher argues that the court's order was contrary to the purpose of the lis pendens statute and, more broadly, that a court may never cancel a notice of lis pendens if time for appeal remains. Schijohn contends that § 25-531 confers on courts a wide discretion and that the order was justified by the dismissal of Kelliher's quiet title action and the existence of a prospective buyer. We conclude that there was not good cause to cancel the notice of lis pendens.

As an initial matter, we reject Kelliher's argument that a court may never cancel a notice of lis pendens unless the time for appeal has expired. We reach this decision for two reasons. First, the plain language of § 25-531 permits an aggrieved person to move to cancel a notice "any time" after the commencement of the action. The lis pendens statute, as amended by the 1887 act, permitted a person to petition for cancellation only after the action was "settled, discontinued or abated."[30] In 1959, the Legislature removed this language.[31]

[12] Second, a bright-line rule that a court could never cancel a notice of lis pendens if time for appeal remains would extend the lis pendens statute beyond its legislative purpose. Although it is true that the right to appeal usually extends the time for which property is subject to the lis pendens

---

[30] 1887 Neb. Laws, ch. 92, § 1, p. 645.

[31] 1959 Neb. Laws, ch. 140, § 1, p. 545.

doctrine,[32] a court may cancel a notice of lis pendens if the face of the complaint shows that the underlying action does not involve title to real property.[33] Section 25-531 allows a plaintiff to file a notice of lis pendens only if the action is "brought to affect the title to real property." This requirement would not be met if, for example, a plaintiff files an action for breach of a land sale contract but the only relief requested in the complaint is damages.[34] In such a case, a notice of lis pendens would not be necessary to permit courts to grant the relief sought and would needlessly burden the record owner's title.

[13] Here, Kelliher's quiet title claim clearly sought to affect title to real property and we hold that good cause to cancel the notice of lis pendens did not exist. In its June 2013 order, the court stated that the notice should be canceled because it had dismissed Kelliher's quiet title action against Schijohn. As we explained above, however, the perceived merits of the underlying action are not good cause to cancel a notice while time for appeal remains. In its motion to cancel the notice, Schijohn also stated that it had a buyer who wanted to purchase the property. But neither is the existence of a prospective purchaser who wants to buy the property free of the pending litigation good cause to cancel a notice. The very purpose of the lis pendens statute is to prevent third parties from acquiring interest in the property that would preclude a court from granting the relief sought.[35]

## CONCLUSION

We conclude that we have jurisdiction over the appeal under the collateral order doctrine and that it was error to

---

[32] 51 Am. Jur. 2d *Lis Pendens* § 67 (2011). See, *State ex rel. Bannister v. Goldman*, 265 S.W.3d 280 (Mo. App. 2008); *Zweber v. Melar Ltd., Inc.*, 276 Wis. 2d 156, 687 N.W.2d 818 (Wis. App. 2004); *Group Purchases, Inc. v. Lance Investments*, 685 S.W.2d 729 (Tex. App. 1985). But see, *UFG, LLC v. Southwest Corp.*, 784 N.E.2d 536 (Ind. App. 2003); *Kirkley v. Jones*, 250 Ga. App. 113, 550 S.E.2d 686 (2001).

[33] See, e.g., 54 C.J.S., *supra* note 23, § 32.

[34] See, e.g., *id.*, § 11.

[35] See *Coffin v. Old Line Life Ins. Co., supra* note 28.

cancel the notice of lis pendens. If time for appeal remains, the merits of the underlying action affecting the title to real property are not relevant to whether good cause to cancel a notice of lis pendens exists. Nor does the existence of a prospective purchaser of the subject property amount to good cause. Accordingly, we reverse the district court's order canceling Kelliher's notice of lis pendens.

REVERSED.

CASSEL, J., not participating.

─────────────

DAVID BROCK, APPELLANT, V. TIM DUNNING, SHERIFF,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,
AND DOUGLAS COUNTY, A POLITICAL
SUBDIVISION, APPELLEES.

___ N.W.2d ___

Filed August 29, 2014.    No. S-13-647.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.

2. ____: ____. In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence.

3. **Summary Judgment: Proof.** The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law.

4. **Summary Judgment: Evidence: Proof.** After the movant for summary judgment makes a prima facie case by producing enough evidence to demonstrate that the movant is entitled to judgment if the evidence was uncontroverted at trial, the burden to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law shifts to the party opposing the motion.

5. **Summary Judgment.** In the summary judgment context, a fact is material only if it would affect the outcome of the case.

6. ____. Summary judgment proceedings do not resolve factual issues, but instead determine whether there is a material issue of fact in dispute.